*In re* R.D., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. R.D., a Minor, Respondent-Appellant).

First District (5th Division)   Nos. 1—87—2031, 1—87—3079 cons.

Opinion filed April 5, 1991.

Randolph N. Stone, Public Defender, of Chicago (Thomas N. Swital and Stephanie L. Ellbogen, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Bonnie Meyer Sloan, Assistant State's Attorney, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

Following a trial in juvenile court, appellant was adjudged delinquent for aggravated battery and unlawful use of a weapon. He was sentenced to one year's probation and commitment to Unified Delinquency Prevention Services (UDIS). He appeals the finding of delinquency, contending that the State failed to prove him guilty beyond a reasonable doubt. He also appeals the denial of his request for *habeas corpus* relief prior to the adjudicatory hearing, alleging that such relief would have been proper in that the adjudicatory hearing was delayed beyond the 10 days allowed by statute, and that such delay was attributable to the State. (Ill. Rev. Stat. 1985, ch. 37, par. 704—2 (2), now Ill. Rev. Stat. 1987, ch. 37, par. 805—14 (a)(2).) Even though this issue is now moot, appellant requests that it be considered by this court because it is of substantial public interest and capable of evading review. We affirm both the adjudication of delinquency and the denial of *habeas corpus* relief. We address the *habeas corpus* issue because we find that although moot, it is of substantial public interest and capable of evading review.

At trial it was established that on the evening of April 23, 1987, Sherman Kyser (the alleged victim in this case) walked out of a drugstore and across the street to a van in which he recognized several girls. His mother, Anne Kyser, and another party, Rochelle Odum, observed his actions from a car parked across the street from the van. Anne Kyser ran over to the van when three boys approached on bikes. When one of the boys pulled out a gun and pointed it at Sherman, she stepped in front of Sherman. When Anne stepped away, the boy fired and hit Sherman, who was taken to the hospital by ambulance.

At trial, the State offered the testimony of Sherman Kyser, Ann Kyser, and Rochelle Odum. Each identified appellant as the gunman. Each gave a uniform description of how appellant backed up his bike, pulled a gun from his pants, aimed at Sherman, aimed at the sky when Ann stepped in front of her son, and finally fired at Sherman when Ann stepped aside. Appellant claims that these testimonies are inconsistent as to whether Odum was Sherman's aunt, whether there were girls in the van throwing gang signs up, whether the offender was initially at the van or rode up later on his bike, and whether Anne Kyser chased the offender after the shooting. While these are in fact inconsistencies in testimony, they are not material and do not affect the reasonableness of evidence adduced at trial. (See *People v. Hister* (1975), 60 Ill. 2d 567, 328 N.E.2d 531.) Appellant also maintains that the physical description of the offender offered by the State's witnesses is inconsistent with his actual physical characteristics and that the State's witnesses were biased and had reason to lie. Although both the Kysers and Odum described the offender as being three inches taller and 30 pounds heavier than he actually was, such inconsistencies do not invalidate the physical identification, especially in light of the fact that appellant was in close proximity to the witnesses, his face was not concealed, the circumstances were traumatic, and the witnesses' accounts are corroborative of one another. Furthermore, the trial judge had the opportunity to observe the witnesses and to evaluate their credibility. The reviewing court will not substitute its judgment for that of the trial judge on questions involving the credibility of witnesses unless the evidence is so improbable as to raise a reasonable doubt of defendant's guilt. (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.) Because we find that the State presented sufficient credible evidence to prove the appellant guilty beyond a reasonable doubt, we affirm the decision of the trial court as to appellant's adjudication of delinquency for aggravated battery and unlawful use of a weapon.

694

■ We agree with appellant that although the denial of his request for *habeas corpus* relief prior to the adjudicatory hearing is now moot, it should nevertheless be reviewed by this court as it involves issues of substantial public interest, capable of repetition and evasive of review. (*People v. Clayborn* (1980), 90 Ill. App. 3d 1047, 1052, 414 N.E.2d 157, 161.) Furthermore, an authoritative determination of this question is desirable for the future guidance of public officers.

■ The Juvenile Court Act contains provisions that set forth the terms of a minor's detention. Section 4–2(2) (now section 5–14(a)(2)) provides in relevant part:

"In the case of a minor ordered held in detention or shelter care, the hearing on the petition must be held within 10 judicial days from the date of the order of the court directing detention or shelter care * * *. Delay occasioned by the respondent shall temporarily suspend, for the time of the delay the period within which a respondent must be brought to an adjudicatory hearing pursuant to this Section." Ill. Rev. Stat. 1987, ch. 37, par. 805–14(a)(2).

On May 4, 1987, the juvenile court found probable cause and urgent and immediate necessity as required by section 2–10(2) of the Act (Ill. Rev. Stat. 1987, ch. 37, par. 802–10(2)) to hold petitioner in custody pending an adjudicatory hearing, set for May 18, 1987, the tenth day of the juvenile's detention. On May 9, 1987, the State tendered discovery to the defense, and on May 12, filed a motion to postpone adjudicatory hearing. However, on May 18, 1987, the State answered ready for trial and defense counsel claimed that she had been misled by the motion to postpone and, further, that the State's discovery was not complete as it did not contain the criminal background of the complaining witnesses. The trial judge continued the case "Order of Court" to May 22, 1987, and refused to release petitioner from custody. On the day of the trial, the State tendered discovery to defense counsel shortly before noon. Defense counsel claimed that since she received the State's discovery so close to trial, she would need another continuance to reconcile such discovery with her own. Defense counsel further requested that the continuance be charged to the State, and that the minor be released from custody, as such custody exceeded 10 days and all delays were attributable to the State. The court continued the case until May 28, 1987, but denied the request for the minor's release, attributing all delays to the defense and thus tolling the running of the statutory limitation period.

On May 26, 1987, defense counsel filed a petition for *habeas corpus*, which was denied at a hearing in criminal court. At the hearing,

counsel for the minor argued that said minor should be released from custody pursuant to the section 4—2(2) (now section 5—14(a)(2)) of the Juvenile Court Act, as his hearing was not held within 10 judicial days from the court's order of detention, and there was no delay attributable to the minor which would temporarily suspend the 10-day period. The judge ruled that the decision to charge the delay to the defense had already been made by the judge in juvenile court, and based on that decision, the petition for *habeas corpus* would have to be denied. The judge further stated that he did not sit as an appellate court and would not review the decision of another court.

■■ We affirm the denial of *habeas corpus* relief, as case law supports the judge's finding that *habeas corpus* is not an appropriate means of reviewing an alleged erroneous judgment of another court. (See *People ex rel. Jackson v. Moore* (1975), 32 Ill. App. 3d 269, 336 N.E.2d 197.) We further maintain that the *habeas* petition would have been more appropriately brought before the same judge who was hearing the juvenile case (see *People v. Clayborn* (1980), 90 Ill. App. 3d 1047, 414 N.E.2d 157), so as not to give the appearance of forum shopping.

■■ ■ Furthermore, if we were to review the May 18 and May 22 orders which continued the case, we would find that neither provides grounds for the minor's release. Even if the May 18 continuance granted "Order of Court" is attributable to the State, it is justified by section 5—14(a)(2), which allows the court to postpone an adjudicatory hearing for up to 20 days at the State's written request. We also find that the May 22 continuance was properly charged to the defense. Although the minor's counsel relies on *People v. Nunnery* (1973), 54 Ill. 2d 372, 297 N.E.2d 129, to support her argument that discovery should have been charged to the State, *Nunnery* is factually distinguishable from the instant case. Even though *Nunnery* involved a last-minute request for discovery, made on the 115th day of defendant's incarceration, defense counsel (the public defender) had only been appointed on that day, so no earlier request would have been feasible. In the instant action, counsel had not only requested, but had also received, discovery from the State on May 9, nine days before trial was scheduled, and did not complain of any deficiencies in discovery till the day of trial. The fact that the State had filed a motion to postpone adjudicatory hearing does not relieve defense counsel of the obligation to review the discovery tendered. Additionally, the second continuance in the juvenile hearing was granted after discovery was tendered to the defense counsel, because she did not have time to reconcile such discovery with her own records. Clearly, this delay is at-

tributable to the defense. Furthermore, the granting of a continuance is within the discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. (*People v. Nurse* (1985), 131 Ill. App. 3d 590, 475 N.E.2d 1000.) Thus, we support the trial court's determination that the continuances granted were properly charged and did not provide grounds for the minor's release. We therefore affirm the denial of *habeas corpus* relief.

Judgment affirmed.

LORENZ, P.J., and MURRAY, J., concur.