(No. 85097.—

PAUL BARNEY, Petitioner, v. THE PRISONER RE-VIEW BOARD *et al.*, Respondents.

*Opinion filed December 3, 1998.*

HEIPLE, J., specially concurring.

Patrick M. Campanelli, of Hickory Hills, for petitioner.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for respondents.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Paul Barney, filed in this court an original petition for a writ of *habeas corpus* seeking his release from the Illinois Department of Corrections. The petition is directed against the Prisoner Review Board and the Department of Corrections (collectively, respondents). Petitioner contends that his imprisonment, pursuant to an order of the Prisoner Review Board (Board) revoking his mandatory supervised release, is unlawful and that a writ of *habeas corpus* should issue for his discharge from custody.

Initially, we note that, prior to oral argument, respondents moved to dismiss this petition on the grounds that it has been rendered moot by the fact petitioner is no longer in the physical custody of the Department of Corrections or subject to mandatory supervised release. This court denied respondents' motion. The issue of whether this court may grant *habeas corpus* relief from the Board's revocation of mandatory supervised release meets the criteria for application of the public interest exception to the mootness doctrine. See *In re E.G.*, 133 Ill. 2d 98, 105 (1989) (in determining whether a case exhibits the requisite degree of public interest, the court examines the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question); see also *In re R.D.*, 212 Ill. App. 3d 691, 694 (1991) (denial of request for *habeas corpus* relief, although moot, was reviewed because it involved issues of substantial public interest).

This court is authorized by the 1970 Illinois Constitution to exercise original jurisdiction in cases relating to *habeas corpus* (Ill. Const. 1970, art. VI, § 4(a)). *Faheem-El v. Klincar*, 123 Ill. 2d 291, 294 (1988); see also 155 Ill. 2d R. 381; 735 ILCS 5/10—103 (West 1996). However, *habeas corpus* provides relief only on the grounds specified in section 10—124 of the Code of Civil Procedure (735 ILCS 5/10—124 (West 1996)). *Klincar*, 123 Ill. 2d at 294. Respondents herein argue that the writ of *habeas corpus* procedure is not available to a prisoner, such as petitioner, serving a term of mandatory supervised release. We agree.

It is well established that a writ of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court which lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction which entitled him to release. *Hughes v. Kiley*, 67 Ill. 2d 261, 267 (1977); *People ex rel. St. George v. Woods*, 47 Ill. 2d 261, 262-63 (1970); see also *Newsome v. Hughes*, 131 Ill. App. 3d 872, 874 (1985). A petition for writ of *habeas corpus* may not be used to review proceedings which do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights. See *Newsome*, 131 Ill. App. 3d at 874.

The petition filed herein does not allege any error which is subject to review in *habeas corpus* proceedings. Petitioner raises no question pertaining to jurisdiction, nor has he alleged any post-conviction event which would entitle him to release. As a prisoner on mandatory supervised release, petitioner remains in the legal custody of the Department of Corrections for the duration of the release period. See 730 ILCS 5/3—14—2(a) (West 1996); *Klincar*, 123 Ill. 2d at 302; *Newsome*, 131 Ill. App. 3d at 874. Therefore, while petitioner's chal-

lenge to the revocation proceedings might affect the manner in which he would serve his term of mandatory supervised release, it would not entitle him to actual release or discharge. See *People ex rel. Johnson v. Pate*, 47 Ill. 2d 172, 174-76 (1970); *Newsome*, 131 Ill. App. 3d at 874-75.

*Habeas corpus* does not lie if the person is in custody by virtue of a final judgment of any circuit court, or of any proceeding for the enforcement of such judgment, unless the time during which such party may be legally detained has expired. *Klincar*, 123 Ill. 2d at 295; 735 ILCS 5/10—123(2) (West 1996). In *Newsome*, the appellate court reversed a circuit court's grant of a petition for writ of *habeas corpus* where, as here, the petitioner was serving a term of mandatory supervised release and sought to review revocation proceedings. We agree with the *Newsome* court, which reasoned:

> "Since a prisoner on mandatory supervised release remains in the custody of the Department of Corrections, the time during which he can be legally detained does not expire until the term of mandatory supervised release expires; therefore, *habeas corpus* relief is not available to a petitioner *** who is serving a term of mandatory supervised release." *Newsome*, 131 Ill. App. 3d at 875.

See also *Klincar*, 123 Ill. 2d at 302.

Petitioner has thus failed to establish a cause for discharge under section 10—124 and *habeas corpus* relief must be denied. See *Klincar*, 123 Ill. 2d at 302. Given the conclusion reached on this issue, petitioner's motion for an additional order requesting that respondents place petitioner in good standing and without a violation of his mandatory supervised release, which was taken with the case, is denied. For the reasons set forth above, the petition for a writ of *habeas corpus* is denied.

*Writ denied.*

JUSTICE HEIPLE, specially concurring:

While I agree with the majority's analysis on the merits, I write separately because, procedurally, this case is moot. This court has the power to grant a *habeas corpus* petitioner only one remedy—discharge from custody. 735 ILCS 5/10—124 (West 1996). Because the petitioner here has already been released, the opinion of the court today is purely advisory in nature. Moreover, given that the majority opinion does not alter or add to the law as already articulated by the Illinois courts (see, *e.g.*, *Faheem-El v. Klincar*, 123 Ill. 2d 291 (1988); *Newsome v. Hughes*, 131 Ill. App. 3d 872 (1985)), no public interest is served by addressing the merits of the petition. Consequently, the petition for writ of *habeas corpus* should be denied as moot.