HIRIAM BROWN, Plaintiff-Appellant, v. ODIE WASHINGTON, Director of the Department of Corrections, *et al.*, Defendants-Appellees.

Second District No. 2—99—0506

Opinion filed February 4, 2000.—Rehearing denied February 29, 2000.

Hiriam Brown, of Dixon, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers, and Lisa A. Smith, Assistant Attorneys General, of counsel), for appellees.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

*Pro se* plaintiff, Hiriam Brown, appeals from a circuit court order that dismissed his petition for a writ of *habeas corpus*. We affirm.

The record reveals that in April 1973, following his conviction of murder, plaintiff was sentenced to an indeterminate period of incarceration of not less than 50 years and not more than 70 years. Plaintiff was also sentenced to shorter terms of incarceration for other offenses that are not relevant here.

On July 8, 1997, plaintiff filed a petition for a writ of *habeas corpus* in the circuit court. Plaintiff alleged that he was being improperly held in prison because, although his maximum sentence had expired in February 1995, defendants refused to release him due to their errors in calculating his good-time credit.

The circuit court subsequently entered an order granting defendants' motion to dismiss plaintiff's petition. The order indicated that the trial court determined that plaintiff's case was controlled by

*Williams v. Irving*, 98 Ill. App. 3d 323 (1981). The trial court concluded that plaintiff had raised the same issue that was resolved in *Williams*, *i.e.*, that a prisoner who had been sentenced to an indeterminate period of incarceration was not entitled to the full amount of statutory and compensatory good-time credit for the portion of his sentence that he served before February 1, 1978, *and* day-for-day good-time credit thereafter. Plaintiff's timely appeal followed.

On appeal, plaintiff attempts to distinguish *Williams* on the ground that, unlike the petitioners in that case, he did not contend that defendants incorrectly calculated the good-time credit that he was entitled to for the part of his sentence that he served prior to February 1, 1978. Plaintiff argues that all he wants is to be awarded the day-for-day good-time credit that he is entitled to for the time he has served since February 1, 1978.

In *Johnson v. Franzen*, 77 Ill. 2d 513 (1979), our supreme court reviewed the recent history of sentencing in Illinois and the application of good-time credit to terms of imprisonment. The court stated:

> "Until February 1, 1978, Illinois had a system of indeterminate sentences in which those committed to the Department of Corrections for commission of a felony were sentenced to minimum and maximum terms of imprisonment [citation]. Good-conduct credits were applied to the minimum term to advance the date of parole eligibility and to the maximum to advance the date beyond which a prisoner could not be incarcerated. The Department was required to prescribe, at a rate within its discretion, a schedule of good-conduct credits for good behavior [citation]. These were known as 'statutory good time credits.' The Department was also empowered to award good-conduct credits to prisoners who performed work assignments or participated in other Department programs [citation]. These credits were known as 'compensatory good time credits.'
>
> Effective February 1, 1978, the General Assembly amended the Unified Code of Corrections (Code) and replaced in some instances the indeterminate sentencing system with a fixed or determinate sentencing system [citation]. The Code no longer gives the Department authority to award compensatory good-conduct credits [citation] and no longer gives the Department authority to award statutory good-time credit at a discretionary rate [citation]. The Code expressly directs the Department to prescribe rules and regulations providing for good-conduct credits on a day-for-day basis." *Johnson*, 77 Ill. 2d at 516.

The *Johnson* court described two systems for calculating a prisoner's good-time credit. Under the old system (pre-1978), the Department of Corrections (Department) awarded statutory and compensatory good-time credits. Under the new system (since Febru-

ary 1, 1978), the Department awards day-for-day good-time credit. We realize that there is a third system now used in some cases based on truth-in-sentencing legislation; however, this system does not affect plaintiff's sentence (see generally *People v. Reedy*, 186 Ill. 2d 1 (1999)), and therefore we need not discuss it.

*Johnson* addressed the question of which of the two systems it described should be used to calculate good-time credit when a prisoner was sentenced to an indeterminate sentence and served part of his sentence before February 1, 1978, and part of his sentence after that date. *Johnson* held that the Department should use the old system to calculate such a prisoner's good-time credit for the part of the sentence he served before February 1, 1978, and the new system to calculate such a prisoner's good-time credit for the part of the sentence he served after that date.

However, the appellate court's opinion in *Williams* showed that determining a prisoner's proper good-time credit is not always that straightforward. In *Williams*, each petitioner was a prisoner who had been sentenced to an indeterminate sentence and had served part of his sentence prior to February 1, 1978, and part of his sentence after that date. Relying on *Johnson*, the petitioners in *Williams* claimed that they were entitled to the full amount of the statutory good-time credit that the Department had nominally awarded them when they began to serve their sentences in addition to day-for-day good-time credit for the parts of their sentences they had served after February 1, 1978. The appellate court agreed with the Department's argument that, in some cases, it was appropriate to continue to use the old system for awarding good-time credit to prisoners for both the time they served before February 1, 1978, and the time they served after that date. The appellate court agreed with the Department's argument because it recognized that, in some cases, it was to a prisoner's advantage to do so. It was to a prisoner's advantage because doing so resulted in an earlier expiration of the prisoner's maximum sentence (out date) than if the Department strictly followed *Johnson* and used both systems. *Williams*, 98 Ill. App. 3d at 326.

The *Williams* court also decided that when it was to a prisoner's advantage to receive day-for-day good-time for the part of his sentence that he served after February 1, 1978, *i.e.*, to use both systems, such a prisoner was not entitled to the full amount of the statutory good-time credit that the Department nominally awarded to him when he began serving his sentence. Rather, such a prisoner was eligible only for a *pro rata* share of the statutory good-time credit that was calculated under the old system. This *pro rata* share was to be based on the actual time the prisoner served before February 1, 1978. *Williams*, 98 Ill. App. 3d at 328.

In this case, notwithstanding his protestations to the contrary, it is clear that plaintiff, like the petitioners in *Williams*, sought to be credited for the full amount, rather than only a *pro rata* share, of his statutory good-time credit for the time he served on his sentence prior to February 1, 1978, *and* day-for-day good time for the time he has served since February 1, 1978. In his appellate brief, for example, plaintiff expressly argues that he is entitled to the full amount of his statutory good-time credit as applied to the maximum part of his indeterminate sentence. This is exactly what *Williams* prohibited, and the trial court therefore correctly relied on *Williams* in denying plaintiff's petition for a writ of *habeas corpus* to the extent that it sought full statutory good-time credit plus day-for-day good-time credit.

However, we believe that the trial court's disposition did not fully resolve plaintiff's petition for a writ of *habeas corpus*. In his petition, plaintiff alleged that he was being wrongfully held because his maximum sentence had expired. The petition would therefore have been sufficient to bring it within the scope of the *habeas corpus* statute (735 ILCS 5/10—101 *et seq.* (West 1998)) if its allegation regarding the expiration of plaintiff's sentence was correct. See 735 ILCS 5/10—124(2) (West 1998) (*habeas corpus* lies where some act, omission, or event has occurred subsequent to party's lawful imprisonment that entitles party to release); *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 431 (1998) (*habeas corpus* lies where time during which party may be legally detained has expired).

The trial court's disposition was correct to the extent that it determined that plaintiff was not entitled to full statutory good-time credit for the portion of his sentence that he served prior to February 1, 1978, *and* day-for-day good-time credit for the portion of his sentence that he has served since that date. However, the trial court's disposition did not address the possibility that plaintiff's maximum sentence could have expired if the Department had awarded him a *pro rata* share of his statutory good-time credit for the portion of his sentence that he served prior to February 1, 1978, and day-for-day good-time credit for the portion of his sentence that he served thereafter.

Defendants responded to plaintiff's petition by filing a motion to dismiss the petition. Defendants' motion asserted that plaintiff's claims were not cognizable under the *habeas corpus* statute. In a supporting memorandum, defendants noted plaintiff's claim that he was entitled to day-for-day good-time credit. Defendants argued that plaintiff was not entitled to day-for-day good-time credit because "he was sentenced under the pre-1978 statute."

Without more, defendants' argument is contrary to the holding of

*Johnson* that a prisoner, such as plaintiff, who was sentenced to an indeterminate sentence before February 1, 1978, is entitled to day-for-day good-time credit for the portion of his sentence that he serves after that date (see *Johnson*, 77 Ill. 2d at 522). We realize that under *Williams* the Department may determine that it is to a prisoner's advantage to calculate all of his good-time credit under the old system. But that is not the same as defendants' argument that plaintiff is not entitled to day-for-day good-time credit because he was sentenced prior to February 1, 1978. Defendants' argument does not address the possibility that it may be to plaintiff's advantage to calculate his good-time credits under both systems, which would mean awarding him day-for-day good-time credit for the part of his sentence that he has served since February 1, 1978.

Defendants could have assisted in resolving this problem by supplying a set of calculations of plaintiff's good-time credits using just the old system and a set of calculations using both the old and new systems. The trial court then would have been able to definitively determine whether plaintiff's allegation that his out date had expired was correct.

However, attached to their motion to dismiss, defendants merely provided a sentence calculation work sheet dated February 4, 1992. The work sheet shows an "Adjusted Projected Maximum" date for plaintiff of August 16, 2003, and that plaintiff's "S.G.T." (presumably "statutory good-time") was restored to the maximum on January 29, 1992. Because the work sheet awards plaintiff statutory good-time credit but does not award plaintiff any day-for-day good-time credit, we assume the work sheet represents the Department's calculation of plaintiff's projected out date using only the old system of calculating plaintiff's good-time credit.

The information provided by the Department therefore does not address whether plaintiff's out date would be earlier, or, perhaps, already have occurred, if the Department had followed *Johnson* by calculating plaintiff's good-time credit using the old system for the time he served prior to February 1, 1978, and calculating his good-time credit using the new system for the time he served since February 1, 1978. The issue should be resolved because plaintiff's petition alleged that he would be entitled to immediate release on the ground that his maximum sentence was expired if he had been awarded day-for-day good-time credit.

In order to resolve this issue, we could remand the matter to the trial court. However, for the sake of judicial efficiency, and because we are able to calculate the maximum amount of good-time credit plaintiff could have received if both the old and new systems were used to calculate his good-time credit, we will resolve the matter.

On April 27, 1973, plaintiff was sentenced to a maximum term of imprisonment of 70 years (840 months). During the time plaintiff served from that date until the new system took effect on February 1, 1978, the Department could award statutory good-time credit to prisoners at the following rate: one month for the first year; two months for the second year; three months for the third year; four months for the fourth year; five months for the fifth year; and six months for every year after the fifth year. See *Barksdale v. Franzen*, 700 F.2d 1138, 1139 (7th Cir. 1983). In addition, the Department could award compensatory good-time credit at a maximum rate of 7½ days per month. See *Johnson*, 77 Ill. 2d at 517.

At these rates, rounding upward to result in the theoretical maximum amount of good-time credit to plaintiff, for the approximately five years that plaintiff served from April 1973 through January 1978 the Department could have awarded plaintiff no more than 15 months of statutory good-time credit and 15 months of compensatory good-time credit. Thus, as of February 1, 1978, plaintiff's out date could have been advanced by a maximum of 30 months (15 months of statutory good-time credit plus 15 months of compensatory good-time credit). Therefore, as of February 1, 1978, plaintiff's maximum sentence remaining to be served could be no less than 810 months (his 840-month original maximum sentence minus the 30 months of possible statutory and compensatory good-time credit he could have been awarded as of that date).

From that point, if the Department awarded plaintiff the maximum amount of day-for-day good-time credit possible, plaintiff's out date would be advanced another 405 months (the 810 months remaining on his maximum sentence minus 405 months of day-for-day good-time credit). The 405 months that plaintiff would have remaining to serve after February 1, 1978, before his maximum sentence expired is 33.75 years, or 33 years and 9 months (the 405 months divided by the 12 months in a year). Plaintiff's earliest out date by this calculation would therefore be around November of the year 2011 (the 33 years and 9 months from February 1, 1978, through November 2011).

Based on this calculation, it is readily apparent that it is to plaintiff's advantage if the Department continues to calculate his good-time credit using the old system. According to the sentence calculation work sheet the Department attached to its motion to dismiss plaintiff's petition, plaintiff's adjusted projected maximum sentence expires on August 16, 2003. This is obviously sooner than the out date we calculated for plaintiff using both the old and new systems.

For these reasons, the record does not support plaintiff's conten-

tion in his petition for a writ of *habeas corpus* that his out date has expired. Consequently, the trial court correctly granted defendants' motion to dismiss the petition.

The judgment of the circuit court of Lee County granting defendants' motion to dismiss plaintiff's petition for a writ of *habeas corpus* is affirmed.

Affirmed.

INGLIS and COLWELL, JJ., concur.