# Illinois Official Reports

## Appellate Court

---

### *In re Detention of King*, 2016 IL App (1st) 150041

---

| | |
|---|---|
| Appellate Court Caption | *In re* DETENTION OF JONATHAN KING (The People of the State of Illinois, Petitioner-Appellee, v. Jonathan King, Respondent-Appellant). |
| District & No. | First District, Second Division<br>Docket Nos. 1-15-0041, 1-15-0645 cons. |
| Filed | September 13, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 11-CR-800002, HCC-14-000201; the Hon. Thomas J. Byrne, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | J. Nicholas Albukerk, of Albukerk & Associates, of Chicago, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (Michael M. Glick and Daniel Lewin, Assistant Attorneys General, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Pierce and Simon concurred in the judgment and opinion. |

# OPINION

¶ 1    In 2011, while in prison on two counts of predatory sexual assault of a child, Jonathan King stipulated he was a sexually violent person under the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2014)). The trial court ordered King committed to the Illinois Department of Human Services (Department) for institutional care in a secure facility. In 2014, King filed petition for a writ of *habeas corpus* arguing he should be immediately released from Department custody after the State failed to timely file his annual reexamination report as required by the Act. (The reexamination had been completed but was not filed with the court.) The trial court struck the *habeas corpus* petition, finding the State's delay in filing the annual report did not constitute a valid ground for King's release.

¶ 2    While the *habeas corpus* petition was pending, the State filed the reexamination report along with a motion for a probable cause finding that King was still a sexually violent person. King filed a motion to dismiss, which the trial court denied. King filed a notice of appeal. A few months later, the trial court granted the State's motion for a probable cause finding, from which King did not file a notice of appeal.

¶ 3    King now argues (1) the trial court erred in striking his petition for a writ of *habeas corpus* because the State's failure to timely file a reexamination report required his immediate release and (2) the trial court erred in denying his motion to dismiss. The State counters that this court does not have jurisdiction to address King's motion to dismiss since the order was not a final and appealable order and that the trial court properly struck King's *habeas corpus* petition as the delay in filing the reexamination report could not be a ground for his immediate dismissal from custody. We agree with the State on both issues.

¶ 4                                              BACKGROUND

¶ 5    In 2001, Jonathan King was convicted on two counts of predatory sexual assault of a child and sentenced to 12 years in prison. On August 2, 2011, he stipulated to the State's allegations that he was a sexually violent person under the Act. 725 ILCS 207/1 *et seq.* (West 2014). King was committed to the custody of the Department of Human Services under section 40(a) of the Act, which provides that a sexually violent person shall "be committed to the custody of the Department for control, care and treatment until such time as the person is no longer a sexually violent person." 725 ILCS 207/40(a) (West 2014).

¶ 6    Under section 55 of the Act, after a person has been committed to Department custody, "the Department shall submit a written report to the court on his or her mental condition at least once every 12 months *** for the purpose of determining whether: (1) the person has made sufficient progress in treatment to be conditionally released and (2) the person's condition has so changed since the most recent periodic reexamination (or initial commitment if there has not yet been a periodic reexamination) that he or she is no longer a sexually violent person." 725 ILCS 207/55(a) (West 2014). The examiner "shall prepare a written report of the examination no later than 30 days after the date of the examination" and "shall place a copy of the report in the person's health care records and shall provide a copy of the report to the court that committed the person under Section 40." 725 ILCS 207/55(b) (West 2014).

¶ 7    On May 2, 2014, Dr. Richard Travis performed the required annual reexamination and concluded, to a reasonable degree of psychological certainty, that King remained a sexually

violent person and had not made sufficient progress in treatment to be conditionally released. Although Dr. Travis's reexamination and report were timely completed, the State did not file Dr. Travis's report with the trial court. More than five months later, on October 31, 2014, King filed an emergency petition for writ of *habeas corpus*. King argued that because Dr. Travis's report was not filed with the court by September 11, 2014, which he asserts is 12 months from the filing of the last reexamination report, the State lost jurisdiction, and he was entitled to immediate release from custody. On December 1, 2014, after argument, the trial court struck King's petition for a writ of *habeas corpus*. The court stated that "[t]here's nothing in the statute that says [the State] lose[s] jurisdiction, it's just the requirements of the statute." Thus, the court concluded the State's failure to comply with the one year reporting requirement is "not a *habeas* matter." On December 9, 2014, King filed a notice of appeal from the December 1 order.

¶ 8 Meanwhile, on November 19, 2014, the State filed its motion for a finding of no probable cause in King's sexually violent person case, based on Dr. Travis's reexamination report, which the State also filed. In response, King filed a motion to dismiss, which is not dated. On January 7, 2015, the State filed a response, and on January 28, 2015, the trial court denied King's motion to dismiss. On February 6, 2015, King filed a notice of appeal from the January 28 order.

¶ 9 On March 30, 2015, the trial court entered an order granting the State's motion for a finding of no probable cause based on its review of Dr. Travis's reexamination report. King did not file a notice of appeal from the March 23 order.

¶ 10 On August 28, 2015, we consolidated King's appeal of the order striking his petition for writ of *habeas corpus* and his appeal of the denial of his motion to dismiss. On April 8, 2016, King filed his brief, arguing that the trial court erred in striking his *habeas corpus* petition and in denying his motion to dismiss the State's motion for a finding of no probable cause and granting the State's motion. King asserted that this court has jurisdiction over both issues because his notice of appeal on the trial court's decision to strike his *habeas corpus* petition was filed nine days after the court's order and his February 6, 2015, notice of appeal from the trial court's dismissal of his motion to dismiss constituted a timely appeal of "the finding of [the] no probabl[e] cause issue."

¶ 11 The State filed a reply brief on May 11, 2016, and, on that same date, also filed a motion to dismiss King's notice of appeal of the trial court's ruling on the probable cause issue. The State argued that in the probable cause proceeding, King filed a notice of appeal on February 6, 2015, after the trial court denied his motion to dismiss, which is not a final order, but *before* the trial court entered its finding of no probable cause, and thus, the appellate court lacks jurisdiction. King filed a reply asserting that his motion to dismiss was directed not at the State's motion for a finding of no probable cause but at the August 2, 2011, order adjudicating him a sexually violent person, which is a final order. We agreed to take the motion with the case.

¶ 12                                                ANALYSIS
¶ 13                        Jurisdiction Over No Probable Cause Finding
¶ 14 The State contends King prematurely filed a notice of appeal after the trial court denied his motion to dismiss and did not again file a notice of appeal within 30 days following the trial court's final March 30, 2015, order. We agree.

¶ 15 Under Illinois Supreme Court Rule 303(a)(1), a party may perfect appeal by filing a notice of appeal "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015). An appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court makes an express written finding of no just reason to delay either enforcement, appeal, or both. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). Without a Rule 304(a) finding, a final order disposing of fewer than all the claims is not appealable and does not become appealable until all of the claims are resolved. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464 (1990). A premature notice of appeal does not confer jurisdiction on the appellate court. See *id.* at 469.

¶ 16 King's February 6, 2015, notice of appeal was premature as the trial court had neither ruled on the State's motion for a finding of no probable cause nor made a Rule 304(a) finding. The denial of a motion to dismiss, itself, is not a final and appealable order but an interlocutory order, which does not give this court jurisdiction. *Mund v. Brown*, 393 Ill. App. 3d 994, 996 (2009). Moreover, consolidation of the two appeals does not confer jurisdiction. See, *e.g.*, *Charles v. Gore*, 248 Ill. App. 3d 441, 445 (1993) ("A consolidation does not operate to establish jurisdiction where there was none before."). Because King did not file a timely notice of appeal, we lack jurisdiction over the trial court's order finding no probable cause. This ruling does not affect this court's ability to address King's appeal of the trial court order striking his petition for a writ of *habeas corpus*.

¶ 17                                        *Habeas Corpus*

¶ 18 A writ of *habeas corpus* is " 'available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction [that] entitle[s] him [or her] to release.' "*Hennings v. Chandler*, 229 Ill. 2d 18, 30 (2008) (quoting *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998)). We review dismissal of a *habeas corpus* petition *de novo*. *Id.* at 24.

¶ 19 King contends that a postconviction occurrence, namely, the State's failure to timely file a reexamination report within 12 months after his last reexamination report (required under 725 ILCS 207/55(a) (West 2014)), confers a basis for granting him immediate release, and thus, the trial court erred in striking his petition for a writ of *habeas corpus*. We disagree. Under the Act a person is entitled to discharge from Department custody only after a court finding that he or she is no longer a sexually violent person. Specifically, section 40(a) of the Act states that a person committed as a sexually violent person shall be "committed to the custody of the Department for control, care and treatment *until such time as the person is no longer a sexually violent person*." (Emphasis added.) 725 ILCS 207/40(a) (West 2014). Section 65 of the Act lays out the procedures for obtaining an order of discharge. Specifically, section 65 provides, in part, that "[i]f the Secretary determines at any time that a person committed under this Act is no longer a sexually violent person, the Secretary shall authorize the person to petition the committing court for discharge." 725 ILCS 207/65(a)(1) (West 2014). Section 65 further provides that once the Department's evaluator opines that the committed person is no longer a sexually violent person, the Secretary or designee has 30 days from receipt of the evaluator's

- 4 -

report to "file with the committing court notice of his or her determination whether or not to authorize the committed person to petition the committing court for discharge." *Id.* A petitioner will be discharged from the custody or supervision of the Department where the State fails to meet its burden of proving a petitioner to be a sexually violent person. 725 ILCS 207/65(a)(3) (West 2014).

¶ 20 Dr. Travis concluded, to a reasonable degree of psychological certainty, that King remained a sexually violent person and had not made sufficient progress in treatment to be conditionally released. Although the reexamination report was filed more than 12 months after the previous reexamination report, the delay is not grounds for discharge under the Act. King will be released only when he has been found to no longer be a sexually violent person. King has not shown nor has he offered any evidence that he is no longer a sexually violent person. Thus, because he has no grounds for immediate release from detention under the Act, the trial court did not err in striking his *habeas corpus* petition. See *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 431 (1998) ("*Habeas corpus* does not lie if the person is in custody by virtue of a final judgment of any circuit court, or of any proceeding for the enforcement of such judgment, unless the time during which such party may be legally detained has expired.").

¶ 21 Moreover, although the Act requires an annual reexamination report, it does not mandate discharge if the State fails to do so or it files late. Whether a statutory command is mandatory or directory poses a question of statutory interpretation, which we review *de novo*. *People v. Robinson*, 217 Ill. 2d 43, 54 (2005). "[T]he mandatory-directory dichotomy *** concerns the consequences of a failure to fulfill an obligation." *Id.* at 52. It " 'denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' " *Id.* at 51-52 (quoting *Morris v. County of Marin*, 559 P.2d 606, 611 (Cal. 1977)). To be mandatory, the legislature must have dictated a particular consequence for failure to comply with the provision. *Pullen v. Mulligan*, 138 Ill. 2d 21, 46 (1990). Otherwise, the statute is directory, "and no particular consequence flows from noncompliance." *People v. Delvillar*, 235 Ill. 2d 507, 515 (2009). Under the mandatory/directory dichotomy, language issuing a procedural command to a government official presupposes intent that the statute is directory. This presumption can be overcome where (1) negative language prohibits further action in the case of noncompliance or (2) the right the provision is designed to protect would generally be injured under a directory reading. *Id.* at 517.

¶ 22 Section 55 provides that the Department "shall submit a written report to the court on his or her mental condition at least once every 12 months." This is directory. The Act has no negative language prohibiting further action in the event the State does not comply. Further, the right to annual reexamination as a method for obtaining discharge is not injured by a filing delay because the Act provides alternative methods to petition for discharge. A petitioner may seek other remedies, including a show-cause order or a mandamus action under section 14-101 of the Code of Civil Procedure (735 ILCS 5/14-101 *et seq.* (West 2014)), compelling the Department to file the report. Thus, King was not entitled to immediate release and the trial court correctly dismissed his petition.

¶ 23 Affirmed.