NOTICE
Decision filed 11/12/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190445-U

NO. 5-19-0445

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| CHAD HARDY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 19-MR-88 |
| | ) | |
| JONATHAN FATHEREE, Acting Warden, | ) | Honorable |
| | ) | Stanley M. Brandmeyer, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff, Chad Hardy, appeals *pro se* the *sua sponte* dismissal of his complaint for *habeas corpus*. For the following reasons, we affirm.

¶ 2    Plaintiff pled guilty to three counts of predatory criminal sexual assault and was sentenced to three 10-year consecutive sentences. Plaintiff's counsel moved to reconsider the sentence and plaintiff moved *pro se* to withdraw his guilty plea. Both motions were denied, and plaintiff appealed. While that appeal was pending, plaintiff appealed the dismissal of his petition for relief from a void judgment. The denial of his posttrial motions was reversed and the cause remanded for failure to file a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), and the dismissal of his petition for

1

relief from a void judgment was affirmed. *People v. Hardy*, 2016 IL App (1st) 133153-U, ¶ 2 (citing *People v. Hardy*, 2012 IL App (1st) 100549-U, and *People v. Hardy*, No. 1-12-1372 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c))).

¶ 3    On remand, plaintiff filed another motion to withdraw his plea, asserting ineffective assistance of plea counsel and failure of the court to properly admonish him regarding his potential mandatory supervised release period. His motion was denied, and the circuit court's judgment was affirmed. *Id.* ¶ 28.

¶ 4    In September 2019, plaintiff filed a *habeas corpus* complaint alleging numerous violations of his statutory and constitutional rights. The trial court denied the complaint *sua sponte* and denied plaintiff's motion for reconsideration. This appeal followed.

¶ 5                                  ANALYSIS

¶ 6    On appeal from the denial of his *habeas corpus* complaint, plaintiff argues (1) that the trial court lacked jurisdiction where the charging instrument was fraudulently obtained and cited an erroneous statutory provision, (2) that the State and the court violated numerous statutes with respect to the probable cause determination and preliminary hearing, (3) that he was denied his speedy trial rights, (4) that the State breached the plea agreement, (5) that the court failed to consider certain factors in mitigation and imposed a disproportionate sentence, (6) that his three-year-to-life mandatory supervised release term was unconstitutional, (7) that the circuit court committed numerous errors regarding his petition for postjudgment relief, and (8) that the appellate court erred in denying his request to take judicial notice of certain controlling law during his first appeal.

2

¶ 7    "It is well established that an order of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008) (citing *People v. Gosier*, 205 Ill. 2d 198, 205 (2001), and *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998)). "A petition for writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of the defects set forth in the statute, even though the alleged error involves a denial of constitutional rights. [Citations.]" *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 320 (2001). The circuit court may *sua sponte* dismiss a petition for a writ of *habeas corpus* that is patently nonmeritorious or insufficient on its face. *Beacham*, 231 Ill. 2d at 59; *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008). We apply a *de novo* standard of review to the dismissal of an application for *habeas corpus*. *Hennings*, 229 Ill. 2d at 24.

¶ 8    It has long been held that subject matter jurisdiction is granted to the circuit courts by the Illinois Constitution, and that they "have jurisdiction in all cases involving offenses which fall within the ambit of section 1-5 of the Criminal Code [citation]." *People v. Gilmore*, 63 Ill. 2d 23, 26 (1976). "A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins" in the proceedings. *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (citing *People v. Speed*, 318 Ill. App. 3d 910, 932 (2001)). Once a court has acquired jurisdiction, no subsequent error or irregularity will oust jurisdiction. *Id.* at 1157.

¶ 9       In this case, the circuit court acquired subject matter jurisdiction when plaintiff was charged with violations of the criminal code and it acquired personal jurisdiction when he appeared before the court. Although plaintiff contends that the court failed to acquire subject matter jurisdiction because the charging instrument was fraudulently obtained and cited an erroneous statutory provision, it is well settled that defects in a charging instrument do not deprive the court of subject matter jurisdiction. See *People v. Hughes*, 2012 IL 112817, ¶¶ 27-28. None of plaintiff's other claims implicates the court's jurisdiction.

¶ 10     Plaintiff's complaint for *habeas* relief did not allege an occurrence subsequent to his conviction that entitles him to release. A plaintiff cannot be discharged via *habeas corpus* until a judgment by the court or he is held beyond the time he can legally be detained. 735 ILCS 5/10-102 (West 2018); see also *Barney*, 184 Ill. 2d at 431. The Illinois Department of Corrections website, of which we may take judicial notice (*People v. Gipson*, 2015 IL App (1st) 122451, ¶ 66), reveals that plaintiff's projected parole date is June 9, 2033, and his projected discharge date is yet to be determined. Thus, plaintiff remains in lawful custody and is not entitled to immediate release.

¶ 11     Because plaintiff's *habeas* complaint alleged no set of facts that would support a finding that the court which entered his conviction lacked jurisdiction, nor did he argue the occurrence of a postconviction event which entitles him to release, the circuit court properly denied his complaint. *Gosier*, 205 Ill. 2d at 205.

¶ 12                                         CONCLUSION

¶ 13     For the foregoing reasons, the judgment of the circuit court of Clinton County is affirmed.

4

¶ 14   Affirmed.