2025 IL App (1st) 250050-U

No. 1-25-0050

Order filed December 31, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CLARA DAVIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24M1124974 |
| | ) | |
| DANIEL DAVIS BROOKS, | ) | Honorable |
| | ) | Aileen Bhandari, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Reyes concur in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss this appeal for lack of jurisdiction because a timely filed postjudgment motion remains pending in the trial court, rendering appellant's notice of appeal premature.

¶ 2    Plaintiff Clara Davis appeals *pro se* from the trial court's entry of judgment, following trial, in favor of defendant Daniel Davis Brooks on plaintiff's complaint seeking damages for emotional distress.  We dismiss for lack of appellate jurisdiction.

¶ 3    The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record. We relate only those facts relevant to the issue on appeal.

¶ 4    On September 30, 2024, plaintiff filed a *pro se* small claims complaint alleging that she hired defendant to photograph her, but defendant failed to provide the agreed-upon number of photographs. Plaintiff sought $5,000 in damages for alleged emotional distress.

¶ 5    On January 6, 2025, both parties appeared *pro se* before the trial court. Following trial that day, the court entered judgment for defendant. The court's order does not mention what evidence was heard. That same day, plaintiff filed a *pro se* motion to reopen the case and asked the court to reconsider its judgment based upon new evidence that defendant "lied" in court.

¶ 6    On January 7, 2025, plaintiff filed a *pro se* motion to " [r]emove -[r]ecuse" the trial judge. Plaintiff alleged that the judge inserted "personal feelings" into the case, ridiculed plaintiff's education, and "snapped" at plaintiff several times.

¶ 7    On January 9, 2025, plaintiff filed a *pro se* motion to "Modify [the] Case." She asked that the court direct defendant to provide her with the photographs at issue. That same day, plaintiff filed a *pro se* notice of appeal from the January 6 judgment.

¶ 8    On January 16, 2025, the case was transferred to the presiding judge of the First Municipal District as to the motion for recusal. The motion was set for hearing on January 29, 2025.  On that day, an order was entered striking the motion from the call.

¶ 9    Neither the Case Summary nor the record on appeal reflect that the trial court ruled on plaintiff's postjudgment motion to reopen or motion to modify.

¶ 10    On August 15, 2025, we entered an order taking this case on the record and plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)

(reviewing court may decide case on appellant's brief "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 11    On appeal, plaintiff alleges that the trial court failed to consider the evidence, was biased and prejudiced, relied on personal feelings, and failed to disclose an alleged conflict of interest.

¶ 12    As a preliminary matter, our review of plaintiff's appeal is hindered by her failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. Plaintiff's brief lacks any citation to the record on appeal, narrates the case from her point of view, and lacks cohesive legal arguments and reasoned bases for those arguments in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 13    Moreover, plaintiff has attached documents to her brief that are not included in the record on appeal, and therefore, cannot be considered by this court. See *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 9 (attachments to briefs that are not included in the record are not properly before a reviewing court and cannot be used to supplement the record); *People v. Mehlberg*, 249 Ill. App. 3d 499, 532 (1993) ("A reviewing court must determine the issues before it on appeal solely on the basis of the record made in the trial court.").

¶ 14    Accordingly, to the extent that plaintiff's brief fails to comply with Rule 341(h)(7), it would be within our discretion to dismiss this appeal on that basis. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. We decline to do so, however, as it is clear that plaintiff

challenges the trial court's entry of judgment for defendant following trial. That said, we are unable to reach the merits of this appeal because we lack jurisdiction.

¶ 15   This court has an independent duty to consider our jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). "The question of whether we have jurisdiction over the instant appeal presents a question of law, which we review *de novo*." *In re Marriage of Padilla*, 2022 IL App (1st) 200815, ¶ 16.

¶ 16   A notice of appeal must generally be filed within 30 days after the entry of the final judgment from which the appeal is taken. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). However, when a timely postjudgment motion has been filed, "a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion *** is entered." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017); see also *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 13 (a postjudgment motion directed against the judgment must be filed within 30 days of the judgment).

¶ 17   Here, the trial court entered judgment in favor of defendant after trial on January 6, 2025. On that same day, plaintiff filed a *pro se* motion to reopen the case; that is, a timely postjudgment motion challenging the judgment. Thereafter, while that postjudgment motion was pending, plaintiff filed a *pro se* notice of appeal and a second postjudgment motion to modify on the same day.

¶ 18   Because plaintiff filed a timely postjudgment motion, the trial court had jurisdiction to consider it. See *In re Application of County Treasurer*, 214 Ill. 2d 253, 261 (2005). The notice of appeal, filed while a postjudgment motion was pending, would therefore become effective when the court disposed of that motion. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Additionally, the

motion to modify was filed within 30 days of the final judgment and before the trial court had resolved the motion to reopen. Although a party generally may not file a second postjudgment motion (Ill. S. Ct. R. 274 (eff. July 1, 2019)), we consider the motion to modify as an extension of the postjudgment motion to reopen. See *Flores v. Luxury Motors Credit, Inc.*, 2021 IL App (1st) 200974-U, ¶¶ 23, 24 ("the circuit court properly considered" two timely postjudgment motions within 30 days of judgment to be "a single attack on the *** judgment") (cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes)).

¶ 19    The record on appeal, however, does not reflect whether the trial court ruled on plaintiff's postjudgment motion to reopen the case or the motion to modify. On November 21, 2025, on our own motion, we ordered plaintiff to file a statement in this court indicating whether the trial court had ruled on those motions, and, if so, to include a copy of any order.

¶ 20    On December 8, 2025, plaintiff filed a *pro se* statement in which she related to this court that there was "no final ruling on the merits" of her motions to reopen the case and to modify in the trial court. Plaintiff additionally related that the trial court stated that it could not rule " 'on a case that is already with the Appellate Court.' "

¶ 21    Based upon the record before us, we cannot determine our jurisdiction because the record does not establish that the trial court disposed of plaintiff's postjudgment motion to reopen (or the motion to modify). See *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002) (this court "cannot presume that we have authority to decide an appeal on the basis of a record insufficient to

show our jurisdiction"). Moreover, according to plaintiff, as of December 8, 2025, the postjudgment motion to reopen and the motion to modify remain pending in the circuit court.

¶ 22    Because the record on appeal does not establish that the trial court ruled on plaintiff's timely postjudgment motion to reopen and the motion to modify, plaintiff's notice of appeal is not yet effective. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017); *Stanila*, 2020 IL App (1st) 191890, ¶ 13. We therefore lack jurisdiction and must dismiss this appeal. See *In re Detention of King*, 2016 IL App (1st) 150041, ¶ 15 ("A premature notice of appeal does not confer jurisdiction on the appellate court.").

¶ 23    We note that once the trial court enters a final order on plaintiff's timely filed postjudgment motion to reopen and motion to modify, she may file a notice of appeal. See Ill. S. Ct. R. 303(a)(1), (a)(2) (eff. July 1, 2017).

¶ 24    Appeal dismissed.