**Richard LAUE, Petitioner,**

v.

**Louis S. NELSON, Warden, California State Prison, San Quentin, California, Respondent.**

**No. 48261.**

United States District Court
N. D. California.

Feb. 8, 1968.

Richard Laue, in pro. per.

Thomas C. Lynch, Atty. Gen. State of Cal., San Francisco, Cal., for respondent.

WEIGEL, District Judge.

## ORDER TRANSFERRING PETITION FOR HABEAS CORPUS

At the time of filing his petition for habeas corpus with this court, Richard Laue was imprisoned at San Quentin (located in this district) pursuant to sentence of the Superior Court of the State of California in and for the County of Los Angeles. Thereafter, the state authorities transferred him to the California Conservation Center at Susanville, which is outside of this district. The transfer does not deprive this court of jurisdiction. Threatt v. State of North Carolina, 221 F.Supp. 858 (W.D.N.C. 1963); 28 U.S.C. § 2241(d) (Supp. II, 1967).

Petitioner's major contention is that his plea of guilty was induced by a confession obtained in violation of his constitutional rights. Consideration of the return and traverse filed in response to the order to show cause issued by this court indicates that an evidentiary hearing will be necessary before final determination of petitioner's claims. See, e. g., Sessions v. Wilson, 372 F.2d 366 (9th Cir. 1966); Johnson v. Wilson, 371 F. 2d 911 (9th Cir. 1967); Doran v. Wilson, 369 F.2d 505 (9th Cir. 1966).

Section 2241(d) of Title 28 of the United States Code authorizes transfer by a district court "in the exercise of its discretion and in the furtherance of justice." The legislative history of the section makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had. 2 United States Code Congressional and Administrative News, p. 2968 (1966). The purpose of this procedure is to "permit the hearing to be held by the district court for the place of conviction, the one best able to administer full justice." Id. at p. 2974.

Petitioner has alleged that his confession was coerced by certain members of the Los Angeles Police Department. If the United States District Court for the Central District of California orders that an evidentiary hearing be held, transfer would allow petitioner to subpoena these policemen, a process which would be unavailable to him if the hearing were held in the Northern District. Fed.R.Civ.P. 45(e) (1); see 2 United States Code Congressional and Administrative News, supra, at p. 2973. Moreover, transfer "will permit the appointment of counsel who, through local acquaintance and knowledge, is best qualified to secure relief" from an allegedly void judgment. Id. at p. 2974.

It is therefore hereby ordered that this matter is transferred to the United States District Court for the Central District of California for such further action by that court as it may deem appropriate.