## UNITED STATES of America ex rel. Eugene HAMMEN

v.

## Joseph F. MAZURKIEWICZ, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.

### Misc. No. M–69–353.

United States District Court
E. D. Pennsylvania.

Sept. 11, 1969.

Eugene Hammen, pro se.

Robert Duggan, Dist. Atty. Allegheny County, Pittsburgh, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

The relator, who is serving a term of life imprisonment, was originally sentenced in 1951 by the Court of Quarter Sessions for Philadelphia County for a term of fifteen to forty-one years on charges of armed robbery and aggravated assault and battery with intent to kill. The prisoner began serving this sentence in institutions in Philadelphia and was later transferred to the State Correctional Institution at Pittsburgh, Pennsylvania. It was there that the relator was charged with holding a hostage in a penal institution (Bill No. 813, Allegheny County, September Sessions, 1955). A jury trial commenced in Allegheny County on October 8, 1956, and after a verdict of guilty, the Honorable J. Frank Graff, P. J., sentenced the relator to life imprisonment. Subsequently, in 1961, the relator was returned to the State Correctional Institution at

Philadelphia, Pennsylvania, where he is presently incarcerated.

On April 22, 1968, the relator filed a Post-Conviction Hearing Act (hereinafter P.C.H.A.) petition in the Allegheny County Courts, and an order to show cause was entered by Judge Graff on May 28, 1968. After the Allegheny County District Attorney had answered, Judge Graff scheduled a hearing for October 9, 1968 to consider the relator's P.C.H.A. petition. The hearing was continued and, thus far, two more hearing dates have been scheduled without success. In his answer to our order to show cause, the District Attorney cites the refusal of the relator to appear at the scheduled hearings in Pittsburgh as the reason for their postponement. In his reply to the District Attorney's answer, the relator alleges that he was twice transported to Allegheny County but was never heard by the court, and the third time his lawyer advised him to stay in Philadelphia. The District Attorney also alleges that the relator is obstructing the disposition of his petition by failing to comply with the court's directive to produce a list of witnesses he intends to call at his hearing. The relator replies that he has forwarded such a list to his attorney, a Public Defender, who has yet to acknowledge the letter.

The above facts are cited at length because they bear on claims advanced by the relator in his petition for a writ of habeas corpus filed with this court on July 18, 1969. Aside from the allegations of ineffective assistance of counsel and lack of a speedy trial, the relator asserts that the Federal District Court should assume jurisdiction because of the inordinate delay his P.C.H.A. petition

has experienced in the state courts. It is true that more than fiften months[1] have elapsed without even a hearing in the state courts, but whether this delay be considered "inordinate", and thus capable of conferring jurisdiction on the Federal District Court, may well turn on which party is to blame for the delay. As outlined above, this issue is in serious dispute and may, if not earlier resolved, require a hearing in the District Court. Such a hearing, however, would be required to be held, if at all, in the United States District Court for the Western District of Pennsylvania.

Title 28 U.S.C. § 2241(d) allows the relator to bring his habeas corpus petition in either (a) the district court for the district wherein he is in custody (here, the Eastern District of Pennsylvania), or (b) the district within which the state court which convicted him was held (here, the Western District of Pennsylvania).[2] Section 2241(d) provides:

> " * * * [T]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."

As the matter complained of by the relator stems from a sentence imposed by the Allegheny County Courts, and since the records and most of the witnesses to that incident are located in that county, we think that judicial economy will be best served by transferring the present Federal habeas corpus petition to the United States District Court for the Western District of Pennsylvania for their hearing and determination. In this

---

1. The relator, in his Federal petition, states that two years and three months have elapsed without any action being taken on his P.C.H.A. petition. However, we note that in his reply to the District Attorney's answer the relator admitted that his petition in the state court had been filed on April 22, 1968. Since the District Attorney's answer has not been traversed, we shall accept April 22, 1968 as the date from which the relator had applied for relief in the state courts. 28 U.S.C. § 2248.

2. In his Federal Habeas Corpus Petition, the relator does not seek to overturn the 1951 sentence imposed by the Philadelphia Court of Quarter Sessions, but rather only seeks to attack the 1957 sentence meted out by the Pittsburgh Court of Quarter Sessions.

ruling, we are supported by the legislative history of Section 2241(d) of Title 28 of the United States Code which states that a district court should transfer a petition to the district in which the petitioner was convicted and sentenced when the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had. 2 United States Code Congressional and Administrative News, pp. 2968 and 2974 (1966); also see, Laue v. Nelson, 279 F.Supp. 265 (N.D.Cal. 1968).

