KILROY WATKINS, Petitioner-Appellant, v. JAMES H. PAGE, Respondent-Appellee.

Third District   No. 3—00—0415

Opinion filed June 5, 2001.

Kilroy Watkins, of Galesburg, appellant *pro se*.

James E. Ryan, Attorney General, of Chicago (William L. Browers and Margaret O'Connell, Assistant Attorneys General, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The petitioner, Kilroy Watkins, filed a *pro se* petition for *habeas corpus* relief in the circuit court of Will County. The respondent, James H. Page, moved to dismiss the petition because the court lacked jurisdiction and because the petition lacked merit. The trial court dismissed the petition. We affirm. In so doing, we hold that once an Illinois *habeas corpus* petition is properly filed, the transfer of the petitioner to a correctional facility out of the trial court's jurisdiction does not deprive that court of jurisdiction of the *habeas* proceeding.

The petitioner was convicted of first degree murder and two counts of armed robbery. The circuit court of Cook County sentenced him to a

total of 55 years' imprisonment, 30 years for the first degree murder, 15 years for one of the armed robberies and 10 years for the other armed robbery. The petitioner filed a direct appeal, and during the pendency of that appeal he also filed a postconviction petition. The postconviction petition was summarily dismissed by the circuit court. The direct appeal and the appeal from the denial of the postconviction petition were consolidated on review. His convictions, sentences, and the denial of his postconviction petition were affirmed. *People v. Watkins*, 277 Ill. App. 3d 1108, 698 N.E.2d 721 (1995) (unpublished order under Supreme Court Rule 23). On December 8, 1999, the petitioner, who was then imprisoned at Stateville Correctional Center (Stateville) in Will County, filed a petition for *habeas corpus* relief.

On December 22, 1999, the petitioner was transferred from Stateville to the Western Illinois Correctional Center (Western Illinois) in Brown County. On February 23, 2000, the circuit court, apparently unaware that the petitioner had been transferred to a Department of Corrections facility in a different county, issued due dates for the respondent's motion to dismiss and the petitioner's answer to the respondent's motion. The court also set the matter for a hearing on April 27, 2000. It appears the petitioner never received notice of the hearing or a copy of the respondent's motion to dismiss. On April 27, 2000, the circuit court granted the respondent's motion to dismiss without specifying any basis for the dismissal. The petitioner, who as of November 22, 2000, was incarcerated at the Hill Correctional Center in Knox County, appealed.

■ Jurisdiction for a prisoner's *habeas corpus* petition is proper in either the circuit court in which the petitioner was convicted or the circuit court of the county in which the petitioner is incarcerated. 735 ILCS 5/10—103 (West 1998). At the time the petitioner filed his petition, he was an inmate at Stateville. Therefore, jurisdiction was proper in either Cook County or Will County. Since the petition was filed in Will County, the circuit court of Will County had jurisdiction over the matter. The State contends, however, that when the petitioner was moved to Western Illinois, the Will County circuit court was divested of jurisdiction.

Our research has revealed no Illinois case law on whether moving a *habeas* petitioner would divest a circuit court of jurisdiction. However, the federal courts have addressed this issue. The jurisdictional portion of the federal *habeas corpus* statute (28 U.S.C. § 2241 (1994)) is substantially the same as the Illinois statute. Under the federal statute, jurisdiction over state *habeas corpus* petitions is proper in the federal district in which the petitioner was convicted or the federal district in which the petitioner is in custody. 28 U.S.C. § 2241(d)

(1994). The overriding concern in a *habeas corpus* proceeding is not the identity of the respondent warden, but whether the court has the authority to issue an order with which the keeper of the petitioner must comply. See *Ex parte Endo*, 323 U.S. 283, 89 L. Ed. 243, 65 S. Ct. 208 (1944). Therefore, federal district courts have held that once a *habeas corpus* petition is properly filed, the transfer of the petitioner out of the federal district court's jurisdiction does not deprive the court of jurisdiction over the *habeas* proceeding. *Laue v. Nelson*, 279 F. Supp. 265 (N.A. Cal. 1968); *United States ex rel. Snyder v. Illinois*, 442 F. Supp. 75 (N.D. Ill. 1977).

■ We agree with the rationale of the federal courts. We see no reason why a circuit court with proper subject matter jurisdiction over a *habeas* proceeding should lose its authority because the Department of Corrections chooses to transfer a petitioner. As a general rule in Illinois, once a circuit court obtains subject matter jurisdiction over a cause, it retains that jurisdiction until all issues of law and fact are determined. *People v. Davis*, 156 Ill. 2d 149, 619 N.E.2d 750 (1993); *In re Marriage of Marshall*, 278 Ill. App. 3d 1071, 663 N.E.2d 1113 (1996). In addition, the power of circuit courts to issue writs of *habeas corpus* is not affected by the transfer of a prisoner. The *habeas corpus* act, which grants circuit courts authority to issue writs of *habeas corpus*, does not confine the court's authority to only those wardens within its circuit. See generally 735 ILCS 5/10—101 *et seq.* (West 1998). Finally, we note that allowing a circuit court to retain jurisdiction will not affect the legal representation of the respondent. The office of the Illinois Attorney General acts as counsel for *habeas* petitions against any warden in the Department of Corrections.

Based on the foregoing, the State's argument that the Will County circuit court lacked jurisdiction over the petitioner's *habeas corpus* petition is without merit. We now turn to the merits of petitioner's claims.

In his *habeas corpus* petition and his subsequent appellate briefs, the petitioner has alleged that he was unlawfully imprisoned because: (1) the trial court erred in allowing the State to reopen its evidence during a hearing on a motion to quash his arrest; (2) the State did not prove that he had the requisite intent to facilitate the first degree murder for which he was convicted; (3) the courts in Illinois have consistently held that a defendant was culpably negligent in the filing of an untimely postconviction petition; (4) the indictment was void and obtained by false pretenses; and (5) his consecutive sentences violate the Supreme Court ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

■ In criminal cases, *habeas corpus* relief is appropriate where the

trial court lacked jurisdiction or where some event subsequent to trial requires the release of the petitioner. 735 ILCS 5/10—124 (West 1998); *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 704 N.E.2d 350 (1998). A petition for *habeas corpus* is not an appropriate means of redressing nonjurisdictional claims, even if the claims are stated in terms of constitutional deprivations. *Hughes v. Kiley*, 67 Ill. 2d 261, 367 N.E.2d 700 (1977).

■ Here, none of the petitioner's claims are an appropriate basis for *habeas corpus* relief. The first three claims noted above do not allege any jurisdictional improprieties or subsequent events that require the petitioner's release from custody. Additionally, even if, as he alleges in his fourth claim, his indictment was defective, a defective indictment does not divest the trial court of jurisdiction. *People v. Benitez*, 169 Ill. 2d 245, 661 N.E.2d 344 (1996). Finally, the petitioner's fifth claim is that the *Apprendi* decision is a subsequent event that properly gives rise to a *habeas corpus* petition and that his consecutive sentences violate *Apprendi*. Even if the petitioner is correct (and we expressly do not make such a finding), the petitioner would still not be entitled to *habeas* relief. A *habeas corpus* petition is proper when the petitioner is being held beyond the time he may be legally detained. *Faheem-El v. Klincar*, 123 Ill. 2d 291, 527 N.E.2d 307 (1988). If the petitioner's sentences were to run concurrently, he would still be serving a term of 30 years' imprisonment for first degree murder and that term has not expired.

For the foregoing reasons, we conclude that the petitioner did not show he was entitled to *habeas corpus* relief. We therefore affirm the judgment of the circuit court of Will County.

Affirmed.

HOLDRIDGE and SLATER, JJ., concur.