MARSHAL ADCOCK, Plaintiff-Appellant, v. DONALD N. SNYDER, JR., *et al.*, Defendants-Appellees.

Fourth District   No. 4—03—0207

Opinion filed February 3, 2004.

Marshal Adcock, of Pontiac, appellant *pro se.*

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Diane M. Potts, Assistant Attorney General, of counsel), for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 2002, plaintiff, Marshal Adcock, an inmate at Pontiac Correctional Center, *pro se* filed a petition for writ of *habeas corpus*, alleging that defendants, Donald N. Snyder, Jr., Director of the Illinois Department of Corrections (DOC), and James M. Schomig, the former warden of Pontiac, violated his due process rights in numerous disciplinary proceedings in 2000 and 2001. In September 2002, Adcock *pro se* filed an amended petition, adding as defendants Patty Reider, Albert Esquivel, Benny Dallas, and Richard Robinson, all members of the adjustment committee at Pontiac. In February 2003, the trial court dismissed Adcock's petition, upon finding that it did not state a *habeas corpus* cause of action. Adcock appeals, and we reverse.

## I. BACKGROUND

The record shows that in January 2000, Adcock began serving a five-year prison sentence for burglary. The record includes a DOC form showing a projected release date of May 9, 2002, factoring in time served prior to custody and good-conduct credits.

In his September 2002 amended *habeas corpus* petition, Adcock alleged that the procedures under which his good-time credit was revoked violated both DOC rules and minimum due process requirements under the United States and Illinois Constitutions. Specifically, he (1) identified 11 disciplinary proceedings that resulted in the revocation of good-time credit totaling approximately three years and six months; (2) alleged that defendants had violated DOC rules by (a) failing to provide him with an adequate written record, including a basis for disregarding exonerating evidence presented by him (see 20 Ill.

Adm. Code § 504.80(l)(2) (Conway Greene CD-ROM January 2000)), (b) arbitrarily subjecting him to discipline that was not supported by "some evidence" of the chargeable conduct in the written record (see 20 Ill. Adm. Code § 504.80(l) (Conway Greene CD-ROM January 2000)), (c) failing to state the disposition of the charges, the disciplinary action recommended and the reasons for recommending the disciplinary action (see 20 Ill. Adm. Code § 504.80(l)(3) (Conway Greene CD-ROM January 2000)), and (d) failing to review all adjustment committee dispositions recommending that he lose good-time credit (see 20 Ill. Adm. Code § 504.80(p) (Conway Greene CD-ROM January 2000)); and (3) sought as relief the restoration of his wrongfully revoked good-time credit and his immediate release from DOC custody.

In February 2003, the trial court ruled on Adcock's *habeas corpus* petition in a docket entry that states as follows:

"The [c]ourt, having reviewed the submissions of [Adcock], wherein he complains about the result of numerous disciplinary proceedings, and is seeking relief through *habeas corpus*. The [c]ourt finds that [Adcock] has wholly failed to state a cause of action in *[h]abeas [c]orpus* and therefore, the [p]etition is dismissed."

This appeal followed.

## II. ANALYSIS

Adcock argues that the trial court erred by dismissing his petition because it stated a claim for *habeas corpus* relief. We agree.

■ A petition for writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of the defects set forth in section 10—124 of the Code of Civil Procedure (Code) (735 ILCS 5/10—124 (West 2000)), even if an alleged error involves a denial of constitutional rights. *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430, 704 N.E.2d 350, 351 (1998). Section 10—124 of the Code provides as follows:

"If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he or she may be discharged only for one or more of the following causes:

1. Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum[,] or person.

2. Where, though the original imprisonment was lawful, nevertheless, by some act, omission[,] or event which has subsequently taken place, the party has become entitled to be discharged.

3. Where the process is defective in some substantial form required by law.

4. Where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process to issue or orders to be entered for imprisonment or arrest.

5. Where, although in proper form, the process has been issued in a case or under circumstances unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him or her.

6. Where the process appears to have been obtained by false pretense or bribery.

7. Where there is no general law, nor any judgment or order of a court to authorize the process if in a civil action, nor any conviction if in a criminal proceeding. No court, on the return of a habeas corpus, shall, in any other matter, inquire into the legality or justice of a judgment of a court legally constituted." 735 ILCS 5/10—124 (West 1998).

Thus, *habeas corpus* relief is appropriate only where the trial court lacked jurisdiction or where some occurrence has taken place after the prisoner's conviction that entitles him to release. A *habeas corpus* petition is not an appropriate means of addressing nonjurisdictional claims. *Watkins v. Page*, 322 Ill. App. 3d 360, 364, 751 N.E.2d 1200, 1203 (2001). "Under *habeas corpus*, the sole remedy is a prisoner's immediate discharge from custody." *Guzzo v. Snyder*, 326 Ill. App. 3d 1058, 1064, 762 N.E.2d 663, 669 (2001).

■ The legal sufficiency of a complaint is an issue of law, and our review is *de novo*. In determining the legal sufficiency of a complaint, all well-pleaded facts are taken as true, and allegations are viewed in a light most favorable to the plaintiff. *People ex rel. Sklowdowski v. State of Illinois*, 182 Ill. 2d 220, 227-28, 695 N.E.2d 374, 377 (1998).

■ Citing *Robinson v. Schomig*, 326 Ill. App. 3d 447, 448, 760 N.E.2d 572, 573 (2001), the State asserts that Adcock failed to state a claim for *habeas corpus* relief because (1) the "ability to earn conduct credits was discretionary and cannot be the basis for *habeas corpus* relief"; and (2) *habeas corpus* relief is not available because the time during which Adcock may legally be detained has not expired. The State misconstrues *Robinson*.

In *Robinson*, an inmate filed a *habeas corpus* petition in January 2001, alleging that (1) his due process rights were violated in disciplinary proceedings, which resulted in the denial of five years' good-time credit and punitive segregation; and (2) because he had been unlawfully deprived of five years' good-time credit, his continued incarceration after July 27, 2002, would be unlawful. *Robinson*, 326 Ill. App. 3d at 448, 760 N.E.2d at 573. This court affirmed the trial court's dismissal of the inmate's petition, upon concluding that he was not entitled to *habeas corpus* relief because he did not allege that he was entitled to immediate release because he was currently being held

beyond the time that he could legally be detained. *Robinson*, 326 Ill. App. 3d at 450, 760 N.E.2d at 574. We agree with the State that a claim for *habeas corpus* relief must state one of the claims listed in section 10—124 of the Code (735 ILCS 5/10—124 (West 2000)). Under that section, however, a claim can be made that even "though the original imprisonment was lawful, nevertheless, by some act, omission[,] or event which has subsequently taken place, the party has become entitled to be discharged." 735 ILCS 5/10—124(2) (West 2000). *Robinson* did not hold that an inmate may not seek *habeas corpus* relief if the "act, omission[,] or event" entitling him to immediate release constituted a discretionary act, and the State has provided no other authority for this proposition.

Moreover, the State's assertion that *Robinson* requires affirmance because the time during which Adcock may legally be detained has not expired ignores an important distinction between the facts in this case and *Robinson*. In *Robinson*, the inmate argued that because his good-time credit had been wrongfully revoked, his incarceration beyond July 27, 2002, a date in the future, would be unlawful. Here, Adcock argues that because his good-time credit was wrongfully revoked, he is currently being detained unlawfully. Thus, if his claims that $3^{1}/_{2}$ years of his good-time credit were unlawfully revoked are meritorious, he would be entitled to immediate release from prison.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand.

Reversed and remanded.

COOK and TURNER, JJ., concur.