NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200200-U

NO. 4-20-0200

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 10, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| OMMEN BROWN, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| TERI KENNEDY, | ) | No. 19MR16 |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court did not err in (1) dismissing plaintiff's petition seeking *habeas corpus* relief and (2) finding the petition frivolous under section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2018)).

¶ 2    In February 2019, plaintiff, Ommen Brown (Brown), an inmate currently incarcerated at the Pontiac Correctional Center, filed a petition for *habeas corpus* relief. The State moved to dismiss Brown's petition and requested the trial court make a finding of frivolousness pursuant to section 22-105 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/22-105 (West 2018)). The court granted the State's motion and made the requested finding of frivolousness. Brown appeals, arguing the court erred in (1) dismissing his petition and (2) finding it frivolous. For the reasons discussed below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4          Brown's *habeas corpus* petition challenges his convictions and sentences in Cook County case Nos. 97-CR-9597 and 97-CR-9599. We will briefly discuss the relevant proceedings from those cases.

¶ 5                          A. The Convictions and Sentences

¶ 6          In 1998, in case No. 97-CR-9599, Brown was convicted of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(3) (West 1996)) and aggravated kidnapping (*id.* § 10-2(a)(3)). He was sentenced to consecutive terms of imprisonment of 25 and 15 years, respectively. The First District Appellate Court affirmed on direct appeal. See *People v. Brown*, No. 1-98-3515 (2000) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7          In 2001, in case No. 97-CR-9597, Brown was convicted of two counts of aggravated criminal sexual assault (*id.* § 12-14(a)(3)) and one count of aggravated kidnapping (*id.* § 10-2(a)(3)). He was sentenced to consecutive 30-year terms of imprisonment on the former counts and a concurrent 15-year term of imprisonment on the latter count. The sentences were consecutive to the sentences imposed in case No. 97-CR-9599. The First District Appellate Court affirmed on direct appeal. See *People v. Brown*, No. 1-01-1885 (2002) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8                              B. Collateral Challenges

¶ 9          Brown has filed a postconviction petition in both cases and, in case No. 97-CR-9597, he has also filed a petition for relief from judgment and a petition for *habeas corpus* relief. All of Brown's petitions were dismissed, and, except for the dismissal of the *habeas* petition, which Brown did not appeal, the First District Appellate Court affirmed each dismissal. See *People v. Brown*, No. 1-13-1624 (2015) (unpublished summary order under Illinois Supreme

Court Rule 23(c)); *People v. Brown*, Nos. 1-14-3529 & 1-14-3700 (cons.) (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10                        C. The Instant Petition for *Habeas Corpus* Relief

¶ 11        In February 2019, Brown filed the instant *pro se* petition for *habeas corpus* relief, arguing he was entitled to immediate discharge from custody because (1) the offense of aggravated criminal sexual assault for which he was convicted "does not exist" and (2) his convictions and sentences violate the one-act, one-crime rule. The State moved to dismiss Brown's petition pursuant to sections 2-615 and 2-619(a)(4) of the Civil Code (735 ILCS 5/2-615, 2-619(a)(4) (West 2018)), asserting it failed to state a claim for *habeas* relief because the trial court had the requisite personal and subject matter jurisdiction over Brown and he was unable to identify any postconviction event entitling him to immediate release. The State also asserted Brown's claims were barred by the doctrine of collateral estoppel. Additionally, the State requested the court find the petition frivolous pursuant to section 22-105 of the Civil Code (*id.* § 22-105). The court granted the State's motion, finding Brown "failed to even aver a basis for *habeas corpus* relief" and the "claims [were] barred by collateral estoppel." The court further found the petition frivolous and assessed costs against Brown because the "petition lack[ed] an arguable basis in either law or fact."

¶ 12        This appeal followed.

¶ 13                                II. ANALYSIS

¶ 14        On appeal, Brown argues the trial court erred in (1) dismissing his petition for *habeas corpus* relief and (2) finding it frivolous.

¶ 15        Before addressing these contentions, we initially note that in his reply brief, Brown "objects" to the State's appellee brief on the basis it was not filed by the due date—the

State's brief was due by August 25, 2020, but filed on August 31, 2020. However, because this delay was caused by Brown's failure to timely serve the State with his appellant's brief, we will consider the State's brief.

¶ 16                                    A. The Dismissal of the *Habeas Corpus* Petition

¶ 17            As noted, Brown contends the court erred in dismissing his petition for *habeas corpus* relief. He raises the same contentions on appeal he raised in his petition: namely, his convictions and sentences are void because the offense of aggravated criminal sexual assault for which he was convicted "does not exist" and they violate the one-act, one-crime rule.

¶ 18            "*Habeas corpus* relief is available *only* for the reasons specified in section 10-124 of the [Civil Code]. [Citation.] *Habeas corpus* relief is not available for other errors, even if an alleged error involves a denial of a constitutional right." (Emphasis in original.) *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 17, 99 N.E.3d 610. The reasons for *habeas corpus* relief fall into two general categories:

> "[A] writ of *habeas corpus* is available only to obtain the release of
> a prisoner who has been incarcerated under a judgment of a court
> which lacked jurisdiction of the subject matter or the person of the
> petitioner, or where there has been some occurrence subsequent to
> the prisoner's conviction which entitled him to release." (Internal
> quotation marks omitted.) *Hennings v. Chandler*, 229 Ill. 2d 18,
> 30, 890 N.E.2d 920, 927 (2008).

We review the denial of a *habeas corpus* petition *de novo*, and we may affirm for any reason appearing in the record, regardless of the basis used by the trial court. See *Ragel*, 2018 IL App

(4th) 170322, ¶ 19. A trial court's dismissal under sections 2-615 or 2-619 is likewise reviewed *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29, 28 N.E.3d 727.

¶ 19 The State moved to dismiss Brown's petition under both sections 2-615 and 2-619(a)(4) of the Civil Code. 735 ILCS 5/2-615, 5/2-619(a)(4) (West 2018). A motion to dismiss under section 2-615 attacks the legal sufficiency of the complaint and should be granted if it is clearly apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recovery. *In re Estate of Powell*, 2014 IL 115997, ¶ 12, 12 N.E.3d 14. A section 2-619 motion admits the legal sufficiency of a complaint but asserts a defense or other affirmative matter defeating plaintiff's claim. *Skaperdas v. Country Casualty Insurance Co.*, 2015 IL 117021, ¶ 14, 28 N.E.3d 747. Under section 2-619(a)(4), the State asserted Brown's petition was barred by collateral estoppel.

¶ 20 Pursuant to the State's section 2-615 motion, we first consider the legal sufficiency of the *habeas corpus* petition. Brown's petition must fail because he cannot show the trial court lacked subject matter jurisdiction, and he makes no argument the court lacked personal jurisdiction or that some subsequent occurrence entitles him to release. " '[A] circuit court's subject matter jurisdiction is conferred entirely by our state constitution.' " *In re Estate of Martin*, 2020 IL App (2d) 190140 ¶ 38 (quoting *McCormick v. Robertson*, 2015 IL 118230, ¶ 19, 28 N.E.3d 795). "Under section 9 of article VI of the Illinois Constitution, the jurisdiction of circuit courts extends to all 'justiciable matters except when the Supreme Court has original and exclusive jurisdiction ***.' " *McCormick*, 2020 IL App (2d) 190140, ¶ 20 (quoting Ill. Const. 1970, art. VI, § 9). "Personal jurisdiction refers to the court's power to bring a person into its adjudicative process." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12, 43 N.E.2d 932. Brown is incorrect in asserting the offense of aggravated criminal

sexual assault for which he was convicted did not exist at the time he committed the relevant acts. See 720 ILCS 5/12-14(a)(3) (West 1996). Moreover, even if we were to assume there was a deficiency with the indictment or a violation of the one-act, one-crime rule, neither of these errors would have deprived the trial court of subject matter jurisdiction. Because Brown was charged with committing criminal offenses in this state, the trial court possessed subject matter jurisdiction. See, *e.g.*, *People v. Gilmore*, 63 Ill. 2d 23, 26, 344 N.E.2d 456, 458 (1976) ("The [trial] courts have jurisdiction in all cases involving [criminal] offenses ***."); *People v. Benitez*, 169 Ill. 2d 245, 256, 661 N.E.2d 344, 350 (1996) ("[J]urisdiction is not conferred by information or indictment, but rather by constitutional provisions. Accordingly, a charging instrument which fails to charge an offense does not deprive the [trial] court of jurisdiction."). Defendant also has pointed to no postconviction event which warrants his immediate release from custody. As we noted, defendant's claims of error relate only to the nature of the charging instrument and whether his convictions violated the one-act, one-crime rule. In addition, defendant's prison sentence has not been completed, and therefore, he is not entitled to immediate release. See *Robinson v. Schomig*, 326 Ill. App. 3d 447, 450, 760 N.E.2d 572, 574 (2001) (holding *habeas corpus* relief is not available to a person in custody by virtue of a final judgment of any trial court unless the time during which he can be legally detained has expired).

¶ 21 Given our ability to affirm the trial court's dismissal under section 2-615, we need not address the court's alternative basis for dismissal under section 2-619(a)(4).

¶ 22                                      B. Finding of Frivolousness

¶ 23 Brown also argues the trial court erred in finding his petition frivolous and imposing costs. "We review the propriety of a trial court's imposition of fines and fees *de novo*." *People v. Reed*, 2016 IL App (1st) 140498, ¶ 13, 48 N.E.3d 290.

¶ 24　　　　　Section 22-105 of the Civil Code (735 ILCS 5/22-105(a) (West 2018)) promotes the legitimate interest of the State to seek to discourage frivolous claims and provide some level of compensation to the courts for the expense of addressing such claims. It provides: "If a prisoner *** files a pleading *** in a *habeas corpus* action *** and the Court makes a specific finding that the *** filing *** is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs." In relevant part, a filing is considered frivolous under section 22-105 if "it lacks an arguable basis either in law or in fact." *Id.* § 22-105(b)(1). This court has repeatedly noted how "[f]rivolous litigation wastes time, money, and resources that could be better spent addressing potentially meritorious claims filed by good-faith litigants." *People v. Austin*, 2014 IL App (4th) 140408, ¶ 23, 23 N.E.3d 615; see also *People v. Harper*, 2019 IL App (4th) 180160, ¶ 19, 124 N.E.3d 589.

¶ 25　　　　　Here, the trial court did not err in finding Brown's *habeas corpus* petition frivolous for lack of an arguable basis in law or fact. Clearly, Brown's argument that the court lacked jurisdiction because the offense for which he was convicted did not exist at the time of his acts is without arguable merit. This claim was raised in a previous *habeas* challenge and dismissed. In addition, Brown has collaterally attacked his convictions in at least four prior proceedings, and he raised the same or similar arguments as those now before us in some of those proceedings. Thus, we affirm the court's finding of frivolousness and imposition of costs.

¶ 26　　　　　　　　　　　　　　III. CONCLUSION

¶ 27　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 28　　　　　Affirmed.