NOTICE
Decision filed 08/12/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230949-U

NO. 5-23-0949

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 23-MX-40 |
| | ) | |
| ANTHONY WILLS, Warden, Menard Correctional Center, | ) | |
| | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where the plaintiff alleged in a *habeas corpus* complaint that his arrest was unconstitutional but did not allege any facts demonstrating that the convicting court lacked jurisdiction or that any events occurring subsequent to his conviction entitled him to immediate release, the trial court correctly dismissed the complaint for failure to state a cause of action for *habeas corpus*. We therefore affirm the court's ruling.

¶ 2   The plaintiff, William Johnson, appeals the trial court's dismissal of his complaint for *habeas corpus* against the defendant, Anthony Wills. The defendant is the warden of Menard Correctional Center, where the plaintiff is incarcerated. The plaintiff asserted in his complaint that his arrest was unconstitutional because the arresting officers did not first seek a determination of probable cause by a "neutral magistrate." He argued that the constitutional infirmity entitled him to immediate release. The trial court dismissed his complaint, finding that *habeas corpus* was not

1

the appropriate avenue for bringing this type of claim. The plaintiff appeals *pro se*, arguing that his *habeas* claim is cognizable because four of the statutory grounds for *habeas corpus* are applicable. See 735 ILCS 5/10-124 (West 2022). We affirm.

¶ 3                                     I. BACKGROUND

¶ 4     In 2004, the plaintiff was arrested and later indicted on several charges, including first degree murder, home invasion, and armed robbery. At issue in this appeal are the plaintiff's allegations that the arresting officers violated his constitutional rights in arresting him without first obtaining a ruling that probable cause existed for the arrest. After a 2008 jury trial, the plaintiff was found guilty of one count each of home invasion and armed robbery and subsequently sentenced to a total of 40 years in prison. His convictions and sentences were affirmed on direct appeal. See *People v. Johnson*, 408 Ill. App. 3d 157, 173 (2010).

¶ 5     In 2012, the plaintiff filed a postconviction petition. That petition was dismissed at the second stage in 2015. In 2018, the First District vacated the order dismissing the plaintiff's petition and remanded the matter to the circuit court for compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). See *People v. Johnson*, 2018 IL App (1st) 151949-U, ¶ 36. Because the issue of compliance with Rule 651(c) was dispositive, the First District did not consider any other issues. *Id.* ¶ 3. As of the time this appeal was filed, the plaintiff's postconviction petition remained pending.

¶ 6     In May 2023, the plaintiff filed the *pro se* complaint for *habeas corpus* at issue in this appeal. In it, he alleged that (1) he was arrested by officers from the Chicago Police Department and the Oak Lawn Police Department; (2) the officers arrested him without first allowing a "neutral magistrate" to determine whether probable cause to arrest him existed; and (3) his arrest was not supported by probable cause. He further alleged that although his defense counsel subpoenaed

2

recordings of 9-1-1 transmissions, those recordings were never turned over to the defense. He asserted that without these recordings, the State could not possibly establish probable cause for his arrest. The plaintiff argued that his arrest was thus unconstitutional.

¶ 7     The plaintiff acknowledged that the remedy for an unlawful arrest is suppression of "the fruit of that arrest, including post-arrest statements." Although the plaintiff did not identify any postarrest statements or other evidence that he believed should have been subject to suppression, his criminal trial included testimony describing a statement the plaintiff made to a codefendant after both were arrested. *Johnson*, 408 Ill. App. 3d at 162. We note that the codefendant also testified at length concerning the plaintiff's participation in the crimes. See *id.* at 158-60. In his *habeas* complaint, the plaintiff did not address the admissibility of this statement or of any other evidence obtained as a result of his arrest; instead, he offered a conclusory argument that he was entitled to immediate release.

¶ 8     In July 2023, the defendant filed a motion to dismiss. First, he argued that the plaintiff's *habeas* complaint should be dismissed without prejudice because another pending proceeding— the plaintiff's postconviction petition—involved the same parties and the same cause of action. See 735 ILCS 5/2-619(a)(3) (West 2022). Second, the defendant argued that the plaintiff failed to state a claim for *habeas* relief because the claims he raised were "proper subjects of a post-conviction petition, and not a *habeas corpus* complaint."

¶ 9     On September 14, 2023, the court entered a written order granting the defendant's motion to dismiss. The court explained that a writ of *habeas corpus* is available only if the convicting court lacked jurisdiction or some event occurred after conviction that entitled the prisoner to immediate release. See *People v. Gosier*, 205 Ill. 2d 198, 205 (2001). The court noted that these

limitations apply to any claimed errors that render a judgment voidable, rather than void, even claims of constitutional violations. See *id.* The court thus dismissed the plaintiff's complaint.

¶ 10 The plaintiff subsequently filed this *pro se* appeal. We note that although his notice of appeal was file-stamped on October 16, 2023, it was accompanied by an affidavit attesting that it was mailed from Menard Correctional Center on October 11. The appeal is thus timely under the mailbox rule. See *People v. Hayes*, 2022 IL App (1st) 190881-B, ¶ 18.

¶ 11                                     II. ANALYSIS

¶ 12 The plaintiff argues that the court erred in dismissing his complaint because four of the statutory grounds are applicable to his claims. Before addressing the plaintiff's contentions, we note that although the defendant did not cite section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)), he did argue that the complaint failed to state a claim, an argument the court accepted. The question presented is thus whether the plaintiff's complaint contains sufficient factual allegations to entitle him to relief if its allegations are proven. *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 54.

¶ 13 In answering that question, we must accept all well-pled facts in the complaint as true and interpret those allegations in the light most favorable to the plaintiff. *Beacham v. Walker*, 231 Ill. 2d 51, 57-58 (2008); *Kucinsky*, 2020 IL App (3d) 170719, ¶ 33. We construe complaints liberally. *Kucinsky*, 2020 IL App (3d) 170719, ¶ 56. Although a complaint should not be dismissed for failure to state a claim unless it is apparent that no set of facts can be proven that will entitle the plaintiff to relief, the plaintiff must allege facts that are sufficient to bring his claim within a legally recognized cause of action to survive a motion to dismiss. *Beacham*, 231 Ill. 2d at 58. We review *de novo* the trial court's ruling. *Id.* at 57.

4

¶ 14    *Habeas corpus* is available based only upon the grounds set forth in section 10-124 of the Code (735 ILCS 5/10-124 (West 2022)). *Beacham*, 231 Ill. 2d at 58 (citing *Gosier*, 205 Ill. 2d at 205). The statutory grounds "fall into two general categories: (1) the prisoner was incarcerated by a court that lacked personal or subject matter jurisdiction; or (2) some occurrence subsequent to the prisoner's conviction entitled the prisoner to immediate release." *People v. Thompson*, 2015 IL App (1st) 122265, ¶ 52. *Habeas* relief is not available to review nonjurisdictional errors that render a conviction voidable, rather than void, even if the alleged errors involve the denial of constitutional rights. *Beacham*, 231 Ill. 2d at 58-59. Significantly, a court should not issue a writ of *habeas corpus* unless the face of the complaint demonstrates that the prisoner is entitled to immediate release. *Id.* at 59 (citing *Hennings v. Chandler*, 229 Ill. 2d 18, 28 (2008)).

¶ 15    The plaintiff appears to acknowledge the limited nature of *habeas corpus* relief. He argues, however, that four of the six statutory grounds for *habeas corpus* relief are applicable here. Specifically, he argues that (1) the process was defective in substantial form because there was no probable cause hearing (see 735 ILCS 5/10-124(3) (West 2022)); (2) the holdings of two cases decided after his conviction—*People v. Bass*, 2021 IL 125434, and *People v. Smith*, 2022 IL App (1st) 190691—entitle him to release, which he contends constitutes a postconviction occurrence that entitles him to immediate release (see 735 ILCS 5/10-124(2) (West 2022)); (3) process was obtained through fraud because he alleges officers testified falsely (see *id.* § 10-124(6)); and (4) process was issued under circumstances where the law does not allow it to be issued because there was no probable cause hearing prior to his arrest (see *id.* § 10-124(4)). We disagree.

¶ 16    We will first address the plaintiff's contention that the holdings of *Bass* and *Smith* constitute a postconviction occurrence entitling him to immediate release. We note that neither *Bass* nor *Smith* involved *habeas corpus* proceedings. Instead, both were direct appeals from

criminal convictions in which the defendants challenged adverse rulings on motions to suppress evidence. *Bass*, 2021 IL 125434, ¶ 1; *Smith*, 2022 IL App (1st) 190691, ¶ 1. Moreover, even assuming both that these cases represent a change in law and that they support the plaintiff's contention that his arrest was unlawful, new case law does not constitute a postconviction occurrence within the meaning of the statute. *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 18. Thus, we reject the plaintiff's contention that these cases constitute occurrences subsequent to his conviction that entitle him to immediate release.

¶ 17    We likewise reject the plaintiff's claims regarding the impropriety of process. As we mentioned previously, the statutory grounds for *habeas corpus* relief fall into two broad categories—subsequent occurrences that entitle a prisoner to immediate release and jurisdictional defects. See *Thompson*, 2015 IL App (1st) 122265, ¶ 52. The question is thus whether the court that entered the judgment of conviction had both subject matter jurisdiction over the case and personal jurisdiction over the plaintiff. We answer that question in the affirmative.

¶ 18    Subject matter jurisdiction is conferred by the Illinois State Constitution, which gives the circuit courts jurisdiction over all justiciable matters. *People v. Castleberry*, 2015 IL 116916, ¶ 15. Justiciable matters are disputes that are definite and concrete rather than moot or hypothetical. *Id.* Subject matter jurisdiction is simply the court's authority to decide the general class of cases to which the proceeding at issue belongs. *Id.* ¶ 12. Criminal proceedings are undisputedly among the classes of cases courts have the power to decide. See *People v. Hughes*, 2012 IL 112817, ¶ 21. Thus, we conclude that the convicting court had subject matter jurisdiction.

¶ 19    We likewise conclude that the convicting court had personal jurisdiction over the plaintiff. It obtained personal jurisdiction over him when he appeared before the court during the proceedings. See *In re Luis R.*, 239 Ill. 2d 295, 305-06 (2010). As such, the plaintiff has not pointed

to any jurisdictional defects that would render his conviction void and entitle him to *habeas corpus* relief.

¶ 20    Further, we reiterate that *habeas corpus* is not appropriate unless the face of the complaint demonstrates that the prisoner is entitled to immediate release. *Beacham*, 231 Ill. 2d at 59. *Habeas corpus* proceedings provide a single remedy—immediate release. *Adcock v. Snyder*, 345 Ill. App. 3d 1095, 1098 (2004). Here, the allegations of the complaint, if proven, would not entitle the plaintiff to that remedy.

¶ 21    As the plaintiff correctly noted in his complaint, the proper remedy for an unlawful arrest is suppression of any evidence obtained as a result of the arrest. Evidence obtained in violation of the fourth amendment is generally subject to suppression under the exclusionary rule. *People v. Harrison*, 2016 IL App (5th) 150048, ¶ 15 (citing *Davis v. United States*, 564 U.S. 229, 236 (2011)). Admission of evidence obtained from an unlawful arrest or search is often a basis upon which to reverse a criminal conviction. However, if the plaintiff can prove that his arrest was unlawful as he alleged, he would not be entitled to immediate release for two reasons.

¶ 22    First, a court could affirm his conviction if it found the error to be harmless beyond a reasonable doubt due to the strength of the properly admitted evidence. See *Smith*, 2022 IL App (1st) 190691, ¶¶ 100-01. Second, even a reversal of the plaintiff's conviction would not lead to his immediate release. Principles of double jeopardy preclude retrial of a defendant where the evidence presented at his first trial was insufficient to support the conviction beyond a reasonable doubt. However, if a conviction is set aside due to an error in the proceedings, remand for a new trial is permitted where the evidence presented at the first trial is sufficient to support the conviction. *People v. Lopez*, 229 Ill. 2d 322, 367 (2008).

7

¶ 23 Put differently, if proven, the allegations of the plaintiff's complaint would entitle him to, at best, a new trial. As we explained earlier, however, the only remedy cognizable in *habeas corpus* proceedings is immediate release. *Adcock*, 345 Ill. App. 3d at 1098. It is not clear from the face of the complaint that the plaintiff is entitled to that remedy. See *Beacham*, 231 Ill. 2d at 59 (citing *Hennings*, 229 Ill. 2d at 28). As such, the trial court correctly determined that the plaintiff's claims were best suited to resolution through postconviction proceedings, not a *habeas corpus* complaint. We find no error in the court's decision to dismiss the plaintiff's complaint.

¶ 24                                    III. CONCLUSION

¶ 25 For the foregoing reasons, we affirm the judgment of the trial court.


¶ 26 Affirmed.