NOTICE
Decision filed 06/22/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250280-U

NO. 5-25-0280

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 25-MX-33 |
| | ) | |
| ANTHONY WILLS, Warden of Menard Correctional Center, | ) | |
| | ) | Honorable |
| | ) | Lucas H. Liefer, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE HACKETT delivered the judgment of the court.
Justices Sholar and Clarke concurred in the judgment.

**ORDER**

¶ 1    *Held*: This court affirms the circuit court's dismissal of the plaintiff's *habeas corpus* complaint where the plaintiff failed to make a claim that the circuit court that ordered him imprisoned exceeded the limit of its jurisdiction.

¶ 2    Since January 2009 the plaintiff, William Johnson, has been an inmate in the Illinois Department of Corrections (IDOC), where he serves his sentences for two Cook County felony convictions. In March 2025 he filed a *pro se* complaint for an order of *habeas corpus* relief, asserting that he was entitled to immediate release from prison on the grounds that the Cook County circuit court that imprisoned him lacked jurisdiction, because the Cook County State's Attorney lacked the authority to prosecute him. The circuit court dismissed his complaint. This court affirms the circuit court's judgment.

1

¶ 3                                    I. BACKGROUND

¶ 4      In 2004, in Cook County case No. 04-CR-1160701, the plaintiff was indicted for several

felony offenses. In November 2008 a Cook County jury found the plaintiff guilty of two of those

offenses—home invasion and armed robbery. In December 2008 the circuit court of Cook County

sentenced him to an aggregate term of 40 years in prison. The Appellate Court, First District,

affirmed the judgment of conviction. *People v. Johnson*, 408 Ill. App. 3d 157 (2010).

¶ 5      In the years that followed the direct appeal, the plaintiff sought collateral relief in the form

of a *pro se* petition for postconviction relief (725 ILCS 5/122-1 *et seq.* (West 2012)) and a *pro se*

complaint for *habeas corpus* relief (735 ILCS 5/10-101 *et seq.* (West 2022). In the postconviction

petition, filed with the Cook County circuit court in 2012, the plaintiff raised multiple claims of

trial court error, ineffective assistance of trial counsel, and ineffective assistance of direct-appeal

counsel. See *People v. Johnson*, 2018 IL App (1st) 151949-U. In the *habeas corpus* complaint,

filed with the Randolph County circuit court in 2023, the plaintiff asserted that his arrest was

unconstitutional. *Johnson v. Wills*, 2024 IL App (5th) 230949-U. These collateral attacks came to

naught. The plaintiff continues to serve the aggregate prison term of 40 years imposed by the Cook

County circuit court in December 2008.

¶ 6      On March 4, 2025, the plaintiff, while housed at the Menard Correctional Center, filed in

the circuit court of Randolph County a *pro se* complaint under the Code of Civil Procedure (Code)

(735 ILCS 5/10-101 *et seq.* (West 2022)). The named defendant was Anthony Wills, the Menard

Correctional Center warden. The plaintiff claimed that under the Illinois Constitution, the Cook

County State's Attorney "was not the proper prosecuting party for the People of the State of Illinois

against [the plaintiff]." Therefore, the circuit court "exceeded its jurisdiction over [the plaintiff]

and lacked jurisdiction over the subject matter." As a result, the plaintiff's convictions and sentences were "void," and the plaintiff was entitled to "immediate release" from prison.

¶ 7    Also on March 4, 2025, the Randolph County circuit court entered a written order that dismissed the plaintiff's *habeas* complaint. The court disagreed with the defendant's assertion that he was being held unlawfully because the Cook County State's Attorney lacked constitutional standing to prosecute the case against him.

¶ 8    The plaintiff perfected an appeal. Before this court, he has proceeded *pro se*.

¶ 9                                      II. ANALYSIS

¶ 10    This appeal is from the Randolph County circuit court's order dismissing the defendant's *habeas corpus* complaint. This court reviews *de novo* the circuit court's dismissal of a *habeas* complaint. *Beacham v. Walker*, 231 Ill. 2d 51, 57-58 (2008). This court may affirm the ruling for any reason supported by the record, regardless of the circuit court's reasoning. *Ragel v. Scott*, 2018 IL App (4) 170322, ¶ 19.

¶ 11    Under section 10-102 of the Code (735 ILCS 5/10-102 (West 2022)), a prisoner may apply for an order requiring the person who is imprisoning him to produce his body, in order to test the legality of the imprisonment, and if the imprisonment should prove unlawful, the prisoner may obtain relief from such imprisonment. *Id*. A court should not issue a writ of *habeas corpus* unless the face of the complaint demonstrates that the prisoner is entitled to immediate release. *Hennings v. Chandler*, 229 Ill. 2d 18, 26 (2008)).

¶ 12    *Habeas corpus* relief is available only for one or more of the seven bases specified in section 10-124 of the Code (735 ILCS 5/10-124 (West 2022)). No other basis, even one involving the denial of constitutional rights, can serve as the basis for *habeas* relief. *Beacham*, 231 Ill. 2d at 58. The bases for *habeas* relief fall under two general categories: (1) where a prisoner is

3

incarcerated under a judgment of a court lacking jurisdiction of the subject matter or person of the petitioner or (2) where something has occurred since the prisoner's conviction entitling him to release. *Hennings*, 229 Ill. 2d at 30 (2008).

¶ 13    The first of the seven bases specified in section 10-124 of the Code is that the court that ordered the prisoner to be held in custody "exceeded the limit of its jurisdiction, either as to the matter, place, sum or person." 735 ILCS 5/10-124(1) (West 2022). The presence or absence of jurisdiction is a legal question, and appellate review is *de novo*. *In re Luis R.*, 239 Ill. 2d 295, 299 (2010).

¶ 14    Here, the plaintiff claimed in his *habeas corpus* complaint that the trial court had exceeded the limit of its jurisdiction. More specifically, he claimed that the trial court lacked jurisdiction over his person and over the subject matter.

¶ 15    The defendant stated that the Cook County circuit court lacked personal jurisdiction over him because the Cook County State's Attorney lacked the constitutional authority to criminally prosecute him. However, the State's Attorney's alleged lack of authority did not affect the circuit court's personal jurisdiction over the plaintiff. Personal jurisdiction derives from the actions of the person sought to be bound. *In re Luis R.*, 239 Ill. 2d at 305. When the State's Attorney initiated the criminal prosecution of the plaintiff, the plaintiff apparently did not object to the circuit court's jurisdiction over his person. He never filed an objection to personal jurisdiction with the circuit court. See 735 ILCS 5/2-301 (West 2022) (permitting objections to jurisdiction over the person). Instead, the plaintiff appeared before the circuit court and proceeded to defend himself against the charges brought by the State's Attorney, all the way through trial and sentencing. By appearing before the circuit court, the plaintiff submitted to the court's jurisdiction. See *In re Luis R.*, 239 Ill. 2d at 305.

4

¶ 16    As for subject-matter jurisdiction, that phrase refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs. *In re Estate of Martin*, 2020 IL App (2d) 190140, ¶ 38. "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *McCormick v. Robertson*, 2015 IL 118230, ¶ 19. Under the Illinois Constitution, the jurisdiction of circuit courts extends to all "justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office." Ill. Const. 1970, art. VI, § 9. Provided that a matter brought before the circuit court is justiciable and does not fall within the original and exclusive jurisdiction of the supreme court, the circuit court has subject matter jurisdiction to consider it. *Martin*, 2020 IL App (2d) 190140, ¶ 39. Criminal charges against an individual are justiciable matters. *People v. Rios*, 2013 IL App (1st) 121072, ¶ 16. Therefore, the circuit court had subject matter jurisdiction in the plaintiff's criminal trial. See *id.*

¶ 17    Finally, this court notes that the underlying premise of the defendant's *habeas* complaint—that the Cook County State's Attorney lacked the authority to bring criminal charges against the plaintiff—is baseless. The rights and duties of a State's Attorney, a constitutional officer, are "analogous to and largely coincident with" those of the Illinois Attorney General (*County of Cook ex rel. Rifkin v. Bear Stearns & Co., Inc.*, 215 Ill. 2d 466, 474-75, 478 (2005)), who is the legal officer of Illinois (Ill. Const. 1970, art. V, § 15). "It is because the office of State's Attorney was created by the constitution and functions like the Attorney General in his or her own county that the State's Attorney is deemed to have constitutional powers similar to those of the Attorney General." *Rifkin*, 215 Ill. 2d at 478. Furthermore, section 3-9005(a) of the Counties Code (55 ILCS 5/3-9005(a) (West 2022)) defines the duties of the State's Attorney. The first of these statutory

duties is "[t]o commence and prosecute all actions, suits, indictments, and prosecutions, civil and criminal, in the circuit court for the county, in which the people of the State or county may be concerned." *Id*. Criminally prosecuting the plaintiff was part and parcel of the State's Attorney's constitutional and statutory duty.

¶ 18                                    III. CONCLUSION

¶ 19    The circuit court of Randolph County did not err in dismissing the plaintiff's *habeas corpus* complaint. This court affirms the judgment.


¶ 20    Affirmed.